Margaret Nicholson, *Appellant*, v. William J. Nicholson, *Appellee*.

No. 16,542.

Actions and Remedies—*Laches*—*Parties.*    Objections that an action was barred by laches and that the plaintiff was without legal capacity to sue not sustained.

Appeal from Miami district court.    Opinion filed July 9, 1910.    Reversed.

*Frank Doster, Chris Ritter,* and *E. J. Sheldon,* for the appellant.

*Frank M. Sheridan,* for the appellee.

*Per Curiam:*  The motion to dismiss can not be sustained.    The petition in error was filed May 31, 1909. Rule 4 provides that after May 29, 1909, a party seeking a reversal of a decision rendered prior thereto may avail himself of so much of the old or new procedure as may be necessary to preserve his right of review.

It was error to sustain the demurrer to the petition. The inconsistent averments might have been stricken out on motion, but furnish no grounds for sustaining the demurrer, if by rejecting them a cause of action appears to be stated.    It is conceded that a mistake as to the law of another state is a mistake of fact, but it is urged that the plaintiff's petition discloses laches; that she has been negligent in not reading up on the law of Ohio.    A woman eighty-four years of age, who has resided in Kansas for many years and is ignorant of the laws of another state, and who relies upon the statements of her adopted son that such laws are thus and so, can not, as a matter of law, be held guilty of laches in failing to discover the truth with respect thereto.

The plaintiff had the legal capacity to sue as an individual, although she was the trustee holding the proceeds of the estate of Mary Nicholson, with the under-

standing and agreement that she should have the use thereof during her life, the same to be distributed among the owners at her death. She could maintain the action in her own right because she was personally deprived of the use of the property; and to the extent that she may be said to represent the heirs of Mary Nicholson she could sue without joining with her those for whose benefit the action was prosecuted. (Civ. Code, § 28, Gen. Stat. 1901, § 4456, Code 1909, § 27.)

The judgment is reversed and the cause remanded, with instructions to overrule the demurrer.