No. 25,274.

Jesse D. May, for Himself and as Agent of the Heirs of Jesse M. May, Deceased, *Appellants,* v. The Board of County Commissioners of the County of Riley, *Appellee.*

SYLLABUS BY THE COURT.

1. Eminent Domain—*Location of Public Road—Any Person Aggrieved by Award of Damages Made by County Commissioners May Appeal to District Court.* One who has an interest in real property and who is not satisfied with the award of damages made by the board of county commissioners in a proceeding to locate a road thereon may appeal to the district court.

2. Same—*This Appeal Prosecuted in Name of Real Party in Interest.* Where in a proceeding for locating a road the notice to the landowner is addressed to Jesse D. May, agent, and he meets the viewers and files a claim for damages, which is signed "Jesse D. May, agent," and an allowance is made to him as Jesse D. May, agent, and he is not satisfied with the award made and appeals to the district court, signing the appeal bond "Jesse D. May," and on the hearing in the district court it is shown that Jesse D. May had an undivided one-third interest in the real property and that he represented the owners of the other interests as their agent, and that the appeal was taken for and on behalf of himself and such others, it is error to dismiss the appeal because it is not prosecuted in the name of the real party in interest.

Appeal from Riley district court; Fred R. Smith, judge. Opinion filed November 8, 1924. Reversed.

*Charles Hughes,* of Manhattan, for the appellants.

*A. M. Johnston,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order sustaining a demurrer to the evidence and dismissing an appeal from an award of damages of the board of county commissioners in the proceedings locating a road. Briefly stated, the facts disclosed by the record are as follows:

At some time prior to 1915, James M. May bought real property near Manhattan. At the time his son, Jesse D. May, contributed one-third of the purchase price, with an understanding that he had a one-third interest in the land, but the title was taken in the name of the father. James M. May died in August, 1915, and left a will, giving to his widow a life use of his property with power to sell, with remainder to his children. The widow and the son, Jesse D. May, and two daughters continued to live on the land, which was managed and operated wholly by Jesse D. May for himself and as agent for the others interested. In 1918 proceedings were had before the board of county commissioners for the relocation of a road along the May farm, which took some of the land, and notice was given to Jesse D. May, as agent or guardian, of the action about to be taken and the time when the viewers would meet. He appeared and filed a claim for damages in the sum of $1,000, which was signed "Jesse D. May, agent." The viewers and commissioners allowed him $110, making the allowance to Jesse D. May, agent. Not being satisfied with the allowance, an appeal was taken, the necessary papers and bond being signed "Jesse D. May." At the hearing of the appeal in the district court there was evidence that Jesse D. May had an undivided one-third interest in the land in addition to such interest that he might have under his father's will, and that in all that he did in this matter he was acting for and on behalf, not only of himself, but of his mother and any other members of the family who had any interest in it. There was also evidence as to the amount of damages. At the close of appellant's evidence the court sustained a demurrer and dismissed the appeal upon the ground that the appeal was not being prosecuted by the real parties in interest, and this is the judgment appealed from.

The statute provides:

"Any person feeling himself aggrieved by the award of damages made by

the board of county commissioners may appeal from the decision of said board of county commissioners to the district court." (R. S. 68-107.)

So, even if it be argued that the appeal is taken by Jesse D. May personally, it should not have been dismissed because not prosecuted by the real party in interest, for it is clearly shown and at least tacitly admitted that he had a one-third interest in the real property.

But it seems clear from the entire proceedings and the evidence adduced that the appeal was taken in the same capacity in which he presented the claim, in the same capacity in which he and others interested in the proceedings were notified of the laying out of the road. Perhaps the proceedings would have appeared more uniform had the word "agent" appeared on the appeal bond, but since the evidence showed the capacity in which the appeal was taken, that is not very material. The damages, if any, to the land was the thing to be ascertained. All the county was interested in was knowing that whatever sum it paid would relieve it from further claims of damages. (*Brown County v. Burkhalter,* 75 Kan. 321, 89 Pac. 655; *Nicholson v. Nicholson,* 83 Kan. 223, 109 Pac. 1086.)

The judgment will be reversed with directions to overrule the demurrer to the evidence.

JOHNSTON, C. J., not sitting.