KENNEDY *v.* THE DUBUQUE AND PACIFIC RAILROAD CO.

Where in an action against a railroad company for damages, in taking certain real estate for the construction of their road, the jury found for the plaintiff a certain sum for his damages, and a certain other sum for building a fence, and keeping the same in repair, for the aggregate of which sums, judgment was rendered against the company; and where it was not specifically shown in the special verdict, that plaintiff was allowed for building a fence, *as fence*, and thereupon it was urged that the case did not come within the rule laid down in *Henry* v. *The Dubuque and Pacific Railroad Co.*, *ante*, 288; *Held*, That there was no substantial difference between the two cases, and that the judgment must be reversed.

*Appeal from the Dubuque District Court.*

*Smith, McKinlay & Poor*, for the appellant.

*Burt & Barker*, for the appellee.

WRIGHT, C. J.—This case raises substantially the same questions (so far as presented by counsel), as were decided at the last term of this court, in the case of *Henry* v. *Dubuque and Pacific Railroad Co.*, *ante*, 288.   An examination of it at length is, therefore, unnecessary, especially as we see no good ground for abandoning the positions there taken. One point of difference has been urged, however, by counsel, and to that alone we direct attention.   In the former case, the jury found as a part of a special verdict, that plaintiff was entitled to a certain sum for building a fence along the line of the railroad, which was proposed to be constructed by the company over his land, and eight per cent. per annum for keeping the said fence in repair for forty-

eight years.  In this case, the jury found for the plaintiff, a certain sum for his damages, and a certain other sum for building a fence, and keeping the same in repair, for the aggregate of which sums, judgment was rendered against the defendant.  Counsel now claim, that it is not apparent in this case, as in the former, that plaintiff was allowed for building a fence or fences—because it is not so specifically shown and set forth in the special verdict; and that, therefore, this does not come within the objection taken in that.  We are unable to see any substantial difference, however.  The ruling of the court in the former case, in relation to allowing the plaintiff for.fencing, was not reversed alone, because of the judgment for eight per cent. per annum, on the original cost of the fence, but principally because the jury was instructed to, and did, allow damages for fencing as such. The same objection is apparent in the case before us.  The only difference is, that in the former case, the jury found such an amount for building the fence, and a per cent. thereon, to be paid each year, for forty-eight years, for keeping the same in repair; and in this, the verdict finds so much in the aggregate for building and keeping the fence in repair. If the one was improper, so was the other.

Judgment reversed.