GEORGE R. FARWELL vs. CITY OF BOSTON.

Suffolk.    November 18, 1901. — February 26, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Damages,* Under special grade crossing act.    *Statute,* Construction.

Under St. 1897, c. 519, providing for the abolition of the grade crossing of Dorchester Avenue and the Old Colony Railroad in Boston, the abolition was accomplished by an abandonment of the location of the railroad for over a mile, including the crossing, and the adoption of a new location crossing Dorchester Avenue nearly a mile beyond. The act then directed, that certain commissioners previously appointed by the Superior Court under St. 1890, c. 428, in regard to the abolition of the same crossing, should lay out a new highway over the old location of the railroad. It provided, that "all damages suffered by any persons in their property by reason of anything done under this act" might be recovered in the manner provided in St. 1890, c. 428. Under this clause a petitioner, a portion of whose land was taken for the new highway, claimed, in addition to the value of the land taken, damages for the injury to his remaining land from the removal of the railroad, the use of which was essential to his business. *Held,* that the taking of the land for the new highway was not to be treated as part of the alteration of the grade crossing, but was a separate municipal improvement made possible by the abandonment of the railroad location, and that the words of the statute above quoted were intended to ensure, that all persons entitled to compensation should have it and to provide how they should proceed, and not to change the rule as to the matters for which compensation should be given; therefore, that the petitioner was entitled to no damages for the injury to his remaining land by the removal of the railroad.

PETITION under St. 1897, c. 519, § 4, for damages for the taking, by commissioners on the abolition of the grade crossing of the Old Colony Railroad and Dorchester Avenue in that part of Boston called South Boston, of certain land of the petitioner for the location of a highway eighty feet in width leading from Dorchester Avenue, provided for in § 3 of the act above named, and also for damages to the remaining land of the petitioner caused by the removal of the railroad, thereby depriving the petitioner of the use of it, which was essential to the business of a kindling wood manufacturer theretofore carried on by him, filed June 12, 1899.

At the trial in the Superior Court, *Richardson,* J. left to the jury the two following questions:

"First. What, if anything, is the amount of damage sustained by the petitioner, not including in the answer to this question

anything for or in consequence of the discontinuance or removal of the railroad tracks from the old location," the judge stating to the jury, that in answering this question they should give all damages sustained by the plaintiff's real estate except any damage which came to it by reason of the removal of the railroad tracks from its boundary and their location elsewhere.

"Second. What, if anything, is the amount of damages sustained by the petitioner by or in consequence of the discontinuance or removal of the railroad tracks from the old location?" The judge instructed the jury, that they were not to include in their answer to the second question any damages included in their answer to the first question.

The jury answered to the first question, $1,000; and to the second question, $39,380.

The judge reported the case to this court for its determination, reserving to each party all questions of law raised by the several offers of evidence and requests, or arising upon the judge's instructions to the jury so far as they were not in accordance with such requests. If the petitioner was entitled to recover damages sustained by his real estate in consequence of the removal of the railroad under the act as well as his damages for the taking of his land for the highway, then judgment was to be entered for the sum of the answers to these two questions, to wit, for the sum of $40,380; if he was not entitled to recover the damages sustained to his property by or in consequence of the discontinuance or removal of the railroad from the old location, then judgment was to be entered for the petitioner for the sum of $1,000.

After the relocation of the railroad described by the court, it crossed Dorchester Avenue at a point nearly a mile from the grade crossing abolished.

*R. M. Morse & L. C. Southard*, for the petitioner.

*T. M. Babson*, for the respondent.

LORING, J. This is a case arising out of the alteration in the grade crossing of Dorchester Avenue by the Old Colony Railroad, made in pursuance of St. 1897, c. 519. The alteration made in case of this crossing consisted in the entire abandonment of the railroad location for a distance of over a mile, a new location for the tracks of the Old Colony Railroad along

the shore of South Cove, and the layout of a new highway over the railroad location which had been abandoned.

Before the change in grade, the petitioner was the owner of a woodyard fronting on that part of the Old Colony's location which was abandoned; a spur track ran from the railroad into the yard, and all the wood used in the petitioner's business was brought to him over this track. A strip of the petitioner's land fronting on the railroad and containing seventeen thousand nine hundred and eighteen square feet was taken by the commissioners for the new highway; and this petition was brought to recover the value of the seventeen thousand nine hundred and eighteen feet of land taken and the injury to the petitioner's land which was left. The petitioner introduced evidence that the most advantageous use of land in the neighborhood was for manufacturing purposes; that a connection with a railroad was of great importance, if not essential, to large manufacturing plants, and that by the relocation of the railroad and the removal of the Old Colony's tracks this lot of land had been rendered practically useless for the purposes for which it was used.

The presiding judge instructed the jury that, in determining the amount of damages suffered by the petitioner, they could take into account, not only the value of the land taken, but also the injury done to the land which was left, and, in considering the damage done to the land left, they could include the fact that before the alteration the land was so situated that spur tracks could be built running on to it, in accordance with the rule laid down in *New York, New Haven, & Hartford Railroad* v. *Blacker*, 178 Mass. 386.

No question arose in *New York, New Haven, & Hartford Railroad* v. *Blacker* as to the right to recover for damages to the remaining land of the plaintiff as well as for the land taken, under the rule of *Lincoln* v. *Commonwealth*, 164 Mass. 368; in that case the land taken was taken for the very alterations made in the railroad, which cut off the plaintiff's access to the railroad tracks. But in the case at bar, the injury to the petitioner's remaining land for which he seeks to recover was not caused by land having been taken from him in making the alteration in the grade crossing. No land was taken from the petitioner in the construction of the tracks in the new location;

more than that, no land was taken from the petitioner in the reconstruction of the old highway in its new place to avoid its crossing the railroad tracks at grade. The petitioner's land was taken in the layout of a new additional way over the abandoned railroad location, that is to say, it was taken in a new enterprise in no way connected with the alteration in grade except that the abandonment of the railroad location presented the opportunity for a new highway in addition to the highway which formerly crossed the railroad at grade. It is therefore plain that, had the rights of the parties depended on St. 1890, c. 428, as to the alteration of grade crossings, and on Pub. Sts. c. 49, § 14, as to the layout of public ways, the petitioner would not have been entitled to the damages he now seeks to recover. For the purposes of this discussion, we assume without deciding that an alteration of a grade crossing under St. 1890, c. 428, is one indivisible thing and that, if a part of the petitioner's land is taken for the highway in its new location and thereby the petitioner's remaining land, which before the alteration was made had access to the railroad, is cut off from a railroad connection, he could have damages for that loss of access.

But we are of opinion that under St. 1897, c. 519, the layout of the new highway is not to be treated as part of the alteration of the grade crossing in determining what damages an owner of land can recover when part of his land is taken for the new highway.

The circumstances under which St. 1897, c. 519, was enacted were these. Prior to the enactment of St. 1897, c. 519, a petition had been filed by the city of Boston under St. 1890, c. 428, for the abolition of the grade crossing in question, made by Dorchester Avenue crossing the Old Colony Railroad at the same level, and commissioners had been appointed by the Superior Court to decide whether an alteration in grade was necessary for the security and convenience of the public and, if they decided that it was, to prescribe the manner in which the alteration should be made and apportion the work between the railroad company and the city. At this stage in the proceedings, St. 1897, c. 519, was enacted, providing for an alteration which was beyond the power of commissioners acting under St. 1890, c. 428; it provided that the alteration made should consist in

an abandonment of the location of the railroad for over a mile and the adoption of a new location in part through tide water on the shore of South Cove; the mile of railroad which was thus abandoned included the part which formerly crossed Dorchester Avenue, and the grade crossing was thus eliminated. The act also directed that the commissioners should lay out a new highway eighty feet wide over the old location which had been abandoned and which was not throughout eighty feet wide; the act also authorized the board of street commissioners of the city of Boston, with the approval of the mayor, to agree with the Old Colony Railroad upon an amount to be paid by the city for land taken and for damages sustained by it and its lessee.

After these provisions had been made in the first three sections of the act, the section in question, § 4, was added. That section first provides that §§ 1 to 8 of St. 1890, c. 428, of the general acts for the alteration of grade crossings "shall, so far as they are applicable and not inconsistent with the provisions of this act, apply to the carrying out of the provisions of this act, the award of said commissioners, and the enforcement of said agreement." It then provides that "all damages suffered by any persons in their property by reason of anything done under this act may be recovered in the manner provided in said chapter for the recovery of damages caused by the taking of land for the alteration of grade crossings." Of the first eight sections of the act in question, § 5 is the only one which deals with damages; the other seven sections deal with the filing of the petition for a separation of grades (§§ 1 and 2), with the authority of the commissioners to direct a change in grade and the apportionment of the costs (§ 3); § 4 gives the commissioners authority to discontinue the public way and change the location of the way or of the railroad; § 6 provides for the maintenance of the works constructed under the direction of the commissioners; § 7 provides for an auditor to ascertain and apportion the expense; and § 8 gives the Superior Court jurisdiction over the action of the commissioners. We think that the first clause of § 4 of St. 1897, c. 519, was intended more particularly to deal with the administrative features of St. 1890, c. 428; it is true § 5, which deals with damages, is included in that clause; but having in mind the other details covered by

the first eight sections of St. 1890, c. 428, we are of opinion that the second clause of St. 1897, c. 519, was intended to make sure generally that all persons who were entitled to compensation should have it and to provide how they should proceed, but not to change the rule as to when they should be entitled to compensation. In other words, we are of opinion that the second clause of § 4 of St. 1897, c. 519, should not be construed to make the taking of land for the new highway part of the alteration of the grade crossing. It is true that the new way is to be laid out by the commissioners appointed to separate the grades; it is also true that the words used are sweeping, namely, "all damages suffered by any persons in their property by reason of anything done under this act may be recovered in the manner provided in said chapter [St. 1890, c. 428] for the recovery of damages caused by the taking of land for the alteration of grade crossings."

It is not to be presumed, however, that by the use of these general words, the Legislature intended to give the petitioner a right to compensation to which he was not entitled under the general rules as to compensation heretofore generally adopted by them. We are of opinion that all that was meant by this clause was to ensure compensation for all damages, but not to change the rule of damages.

In this case, the land taken was taken in the layout of a highway, which was not in fact the means of doing away with this grade crossing, but was a separate municipal improvement made possible by the abandonment of the railroad location abandoned. The petitioner's access to the railroad was taken away by the removal of the railroad to a new location and no land of the petitioner was taken in that connection. In our opinion the general terms used in the second clause of § 4 of St. 1897, c. 519, do not entitle him to damages for the loss of access to the railroad.

In accordance with the terms of the report, there must be

*Judgment for the petitioner for $1,000.*