WINIFRED MULLIN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

MICHAEL MULLIN *vs.* SAME.

Suffolk.    November 11, 1903. — May 18, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Negligence*, On street railway, Injury from fright.    *Evidence*, Remoteness.    *Practice, Civil*, Exceptions.

In an action against a street railway company by a woman passenger for injuries alleged to have been caused by a collision of another car of the defendant with that in which the plaintiff was a passenger, it appeared, that the plaintiff was sitting on the last seat of an open car of the defendant which had been reversed so that she faced the rear of the car, that the car had stopped, that the tracks had been made somewhat slippery by a shower, and that the motorman of another car of the defendant approaching from the rear, although he applied the brakes and reversed the power in a reasonable and proper manner, was unable wholly to stop his car before the fenders of the two cars came in contact, causing no injury to either car, and causing the other passengers in the car with the plaintiff to feel only the sensation of a jar, that the plaintiff, whose health had been impaired by previous nervous difficulties, seeing the other car approaching and anticipating a collision, took hold of the stanchion at the end of the seat and fainting from nervous fright fell to the floor and sustained superficial bruises, followed afterwards by serious nervous prostration caused by the shock and nervous fright. *Held*, that a finding was warranted that there was no negligence on the part of the defendant. *Whether*, if there had been negligence on the part of the defendant, the plaintiff's injuries could be said to have been due to it, was not considered.

In an action against a street railway company by a woman passenger for injuries sustained in fainting from fright at the anticipated collision of another car of the defendant with the car in which the plaintiff was seated, evidence in behalf of the defendant, that three years before the accident the plaintiff was subject to fainting spells, is competent to contradict a statement of the plaintiff that she never had been subject to fainting fits before the accident, and also as bearing on the truth of the plaintiff's contention that the fainting fits to which she testified that she was subject were caused by the accident.

In an action against a street railway company by a woman passenger for injuries sustained in fainting from fright at the anticipated collision of another car of the defendant with the car in which the plaintiff was seated, the defendant may ask the other passengers on the car in which the plaintiff was seated whether any of them received an injury from the collision, to show that none of them received such an injury, the fact that no injury was received by them having an important bearing on the questions of the force with which the cars came together and of the motorman's alleged negligence.

In an action against a street railway company by a woman passenger for injuries alleged to have resulted in sufferings from nervous shock, the defendant, against

the plaintiff's objection, was allowed to ask the attending physician of the plaintiff, whether he got from the plaintiff or from any one else in her presence any of her family history concerning her mother's physical condition or the mental or nervous condition of her sisters. The witness answered that he never did. *Held,* that the admission of the questions on this subject gave the plaintiff no ground of exception, as owing to the answer of the witness they could do the plaintiff no harm. *Whether* the questions were admitted properly was not considered.

TWO ACTIONS OF TORT, the first for personal injuries to the plaintiff, and the second by the husband of the plaintiff in the first case for consequent loss of her services. Writs dated November 26, 1900.

In the Superior Court the cases were tried before *Braley,* J., without a jury.

The judge made the following findings of fact:

" On July 7, 1900, the plaintiff Winifred Mullin, wife of Michael Mullin, was a passenger on a car operated by the defendant, which car had stopped. She was sitting on the front seat of the car, the right hand end, which seat was reversed and facing the rear of the car. There had been a slight shower of rain, and the tracks of the defendant's road had become somewhat slippery. Another car owned and operated by the defendant was passing along on the same track towards the rear end of the car in which the plaintiff was seated. By reason of the moisture on the rails, notwithstanding all reasonable and proper efforts used by the motorman in charge of the last car in applying the brakes and reversing the power, the car slid on the rails, and in so sliding the fender of the approaching car came in contact with the fender of the car in which the plaintiff was seated. The force of the impact did not cause any injury to the fender or woodwork of either car; neither were any other passengers, so far as the evidence showed, affected by such impact beyond the sensation of a jar on the part of those who were seated in the car with the plaintiff. The plaintiff, a person whose health had been somewhat impaired by previous nervous difficulties, disclosed by the evidence, seeing the car approaching and anticipating that there would be a collision between the approaching car and the car in which she was seated, reached out her right hand, took hold of the stanchion at the end of the seat, swooned and fell to the floor of the car. Such fall was not caused by the im-

pact of the cars, but was the result of her fainting at the antici-
pated collision, the fainting fit being caused by nervous fright.
In her fall from the seat of the car to the floor of the car she
sustained certain bruises of a superficial character of her right
upper and fore arms, and also between the thumb and index
finger, and thereafter suffered serious nervous prostration, caused
by said shock and nervous fright therefrom."

The judge found for the defendant in both cases ; and the
plaintiff in each case alleged exceptions, which after *Braley*, J.
had become a justice of this court were allowed by *Richard-
son*, J. The questions raised by the exceptions relied on by the
plaintiffs appear in the opinion.

*E. B. Callender*, (*E. M. Shanley* with him,) for the plaintiffs.

*G. H. Mellen*, for the defendant.

MORTON, J. These two actions were tried and argued to-
gether. The first is an action by the female plaintiff, whom we
shall speak of as the plaintiff, for injuries alleged to have been
sustained while a passenger on one of the defendant's open cars
in July, 1900. The second is by the husband for the loss of ser-
vices. The cases were tried by the judge without a jury, and
the judge found for the defendant in each case. It was ad-
mitted that the plaintiff was in the exercise of due care. The
cases are here on exceptions by the plaintiffs to certain rulings
in regard to the admission of evidence, and to the refusal to
adopt certain instructions that were requested. We think that
the rulings were right.

The plaintiff was seated in the car so that she faced towards
the rear. There had been a rain and the tracks were somewhat
wet and slippery. Another car approached on the same tracks
from the rear, and "by reason," as the judge found, "of the
moisture on the rails, notwithstanding all reasonable and proper
efforts used by the motorman in charge of the last car in applying
the brakes and reversing the power, the car slid on the rails, and
. . . the fender . . . came in contact with the fender of the car
in which the plaintiff was seated." The judge further found as
follows: "The force of the impact did not cause any injury to
the fender or woodwork of either car ; neither were any other
passengers, so far as the evidence showed, affected by such impact
beyond the sensation of a jar on the part of those who were seated

in the car with the plaintiff. The plaintiff, a person whose health had been somewhat impaired by previous nervous difficulties, disclosed by the evidence, seeing the car approaching and anticipating that there would be a collision . . . reached out her right hand, took hold of the stanchion at the end of the seat, swooned and fell to the floor of the car. Such fall was not caused by the impact of the cars, but was the result of her fainting at the anticipated collision, the fainting fit being caused by nervous fright." The judge also found that as a result of the fall she sustained certain bruises of a superficial nature and thereafter suffered serious nervous prostration caused by the shock and the nervous fright. In view of these findings which were warranted by the evidence we do not see how it can be said that there was negligence on the part of the defendant. Whether, if there was, it could be said that the plaintiff's injuries were due to it, need not be considered. See *Warren* v. *Boston & Maine Railroad*, 163 Mass. 484; *Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285 ; *Gannon* v. *New York, New Haven, & Hartford Railroad*, 173 Mass. 40; *Berard* v. *Boston & Albany Railroad*, 177 Mass. 179; *Homans* v. *Boston Elevated Railway*, 180 Mass. 436 ; *Cameron* v. *New England Telephone & Telegraph Co.* 182 Mass. 310. The plaintiff relies on a statement by the motorman made during the course of his cross-examination that he took the risk. But it was for the presiding judge to say what he meant by that statement and whether under the circumstances it was negligent for him to take the risk, and the result of the finding of the judge is that it was not.

The evidence that three years before the accident the plaintiff was subject to fainting spells was competent to contradict her statement that she had never been subject to fainting fits before the accident, and as furnishing some ground for questioning the truth of her claim that the fainting fits to which she testified that she was subject were caused by the accident.

Quite a number of the passengers on the car with the plaintiff were called as witnesses by the plaintiff and the defendant, and against the objection of the plaintiff the defendant was allowed to show by them that none of them received any injury as a result of the collision, and it did not appear that any person besides the plaintiff was injured. The force with which the cars came

together had a bearing upon the question of the alleged negligence of the motorman. One way of judging of the force was by its effect upon the cars and passengers, and it was competent for the defendant to show not only that no injury was done to the cars, but to inquire of the passengers who were witnesses whether any of them received any injury. If none of them did, that fact would have an important bearing on the force with which the cars came together, and on the motorman's alleged negligence.

If the questions that were allowed to be put to the witness who had been the attending physician of the plaintiff whether he got from the plaintiff or from any one else in her presence any of her family history concerning her mother's physical condition or mental or nervous condition and her sisters were improperly admitted, on which we express no opinion, nevertheless no harm was done as the witness answered that he never did. See *Thompson* v. *Cashman*, 181 Mass. 36.

We have considered the exceptions so far as relied on by the plaintiffs in their brief and we treat the others as waived. The result is that the exceptions must be overruled.

*So ordered.*