THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BROWN V. ELIZABETH BURKHALTER.

No. 14,898    (89 Pac. 655.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Appeal from Award—Parties.* A landowner may appeal from an award of damages allowed by the board of county commissioners on account of a road laid out across his land notwithstanding the award has been made in the name of one who is not the owner.

2. ——— *Misdescription of Land in Notice of Appeal and Appeal Bond.* The fact that in the notice of appeal and the appeal bond the land through which such road is established is misdescribed cannot defeat the appeal, where they refer to the proceedings of the board for the establishing of the road in question and the award of damages appealed from.

21—75 KAN.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed March 9, 1907. Affirmed.

*John F. Kerrigan,* for plaintiff in error.

*Sample F. Newlon,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: The board of county commissioners of Brown county, upon the petition of W. R. Chadwell, appointed viewers to establish a road between the northwest and southwest quarters of section 14, township 1, range 18, in Brown county. As laid out the road took a fraction over two acres of land from lands belonging to Elizabeth Burkhalter.

When the viewers met a claim for damages was presented by Peter Burkhalter in his own name. He is the husband of Elizabeth Burkhalter. Ben Garlock, her son-in-law, also appeared and assisted in presenting the claim. The viewers allowed the sum of $253.70 as damages to Peter Burkhalter and made their report to the county board, and the road was ordered established. Within the time allowed for an appeal Elizabeth Burkhalter filed with the county clerk an appeal bond and served the proper notice of appeal. In the notice and in the bond the road was described as located on the half-section line between the northeast and southeast quarters, instead of the northwest and southwest quarters.

The board of county commissioners filed in the district court a motion to dismiss the appeal for the reason that the appellant had filed no claim in her own name. In opposition to the motion the affidavits of Peter Burkhalter and Ben Garlock were filed, setting forth that they appeared before the viewers as the agents of the owner of the land, but by inadvertence the name of Peter Burkhalter was given as owner instead of Elizabeth Burkhalter. The court denied the

motion to dismiss. There was a jury trial, and judgment for the appellant awarding her the sum of $575. A motion for a new trial was denied and the case is here for review.

The principal errors claimed, and the only ones which we think require mention, are: (1) Denying the motion to dismiss the appeal; (2) overruling an objection to the introduction of any evidence; (3) error in the admission of certain testimony and in the instructions given.

On the trial the persons who presented the claim before the viewers testified that they appeared as the agents of Elizabeth Burkhalter. This was not an attempt to impeach a record, but to show a fact which it was proper to establish. To say that because no claim was presented by Elizabeth Burkhalter in her own name there was nothing from which she might appeal is to put the shadow in place of the substance. The award was for damages to the land, and because the viewers allowed the damages in the name of one who was not the owner of the land no valid reason is suggested why the real owner may not appeal from the award. It is the other way around. If the one who appealed had in fact no interest there would be some reason for objecting to the consideration of the appeal on the ground that she was not the party in interest. Moreover, from the record it appears that the notice to appear before the viewers was addressed to, and served upon, Peter Burkhalter. He was named as the owner of the land. The record title was in Elizabeth, and the facts are the same as though this were an appeal from condemnation proceedings and the report of the commissioners had allowed a specific sum in damages for a certain tract of land belonging to Elizabeth Burkhalter and given the name of the owner or supposed owner as Peter Burkhalter. The law in such cases permits the real owner to appeal from the award, and by parity of reasoning the appeal in this matter

by the actual owner should be upheld. The substantial rights of the parties in interest and the public are thereby subserved.

In *C. K. & W. Rld. Co. v. Grovier*, 41 Kan. 685, 21 Pac. 779, the report of the commissioners appointed to condemn a right of way designated certain real estate as the property of one Simar, and it was claimed on an appeal by Grovier, who was the real owner, that he was thereby precluded from the right to appeal. The court held that 'all owners whose lands may be condemned must take notice, and, if dissatisfied with the award, "can, and to protect their interest should, take an appeal, regardless of whether or not they are designated as owners in the report." (Page 687.)

In *K. C. & S. W. Rld. Co. v. Hurst*, 42 Kan. 462, 22 Pac. 618, which was an appeal from the condemnation of a right of way, the appeal bond was held sufficient although the description of the land taken was inaccurate. One of the reasons for holding it sufficient was that it referred to the report of the commissioners. The appeal bond as well as the notice of appeal served by Mrs. Burkhalter upon the county clerk referred specifically to a road ordered established by the board on a certain day upon the petition of W. R. Chadwell, and both bond and notice were sufficient to perfect the appeal. As to other defects in appeal bonds in condemnation proceedings which have been held immaterial, see *C. K. & W. Rld. Co. v. Town-Site Co.*, 42 Kan. 97, 21 Pac. 1112.

The county board cannot claim that its rights or those of the public are prejudiced in the slightest degree, for it could make no difference to the board whether the allowance be made to Peter or Elizabeth. The cost in either event would be the same. The right to appeal is a right given to the party aggrieved, not to some one else in whose name the award has inadvertently been allowed. The mistake in the description of the road was, therefore, of no consequence.

There was no possible chance that the board or the county clerk could be misled or prejudiced thereby. The thing appealed from was the allowance of the specific sum of $253.70 as damages for a specific tract of land taken for a road established at a definite time.

The district court rightly denied the motion to dismiss and overruled the objection to the admission of evidence on the appeal. The instructions given as to the correct way to measure the damages for land taken stated the law in harmony with repeated decisions of this court.

Nor do we find any error in excluding evidence to show that there was a general herd law in effect in Brown county. That fact could not affect the amount of damages allowed for the cost of constructing and maintaining fences along the road. When it is considered that the road was laid out so as to leave a narrow strip or tongue of land belonging to defendant in error on one side of the road, and that fences would be required on both sides of the road, the amount allowed by the jury was probably not excessive.

The judgment is affirmed.