## No. 10,567.

### FENLON *v.* WESTERN LIGHT & POWER CO.

Decided February 4, 1924.

Proceeding in eminent domain.  Decree for petitioner.

### *Reversed.*

1. EMINENT DOMAIN—*Right of Way—Tract Necessary.* In a proceeding to acquire an easement across lands for an electric transmission line, the amount of land subject to the easement is such as is reasonably necessary for the purpose for which it is taken.

2. *Value of Land Taken.* In an eminent domain proceeding, the theory upon which the value was placed on the land taken, held erroneous.

3. *Damages to Residue.* In an eminent domain proceeding, it is held that the commissioners assessed the damage to the residue of the land on a theory not recognized by law; and without any reason therefor, failed to apply the general rule, that damage to the residue should be equal to the diminution in the market value of such residue for any purpose to which it might reasonably be put.

4. *Damages—Rental Value.* The rental value of premises in. an eminent domain proceeding may be considered in determining the value of the land taken, but damages for the loss of the use of the land for the short time between the taking of possession and the assessment, held too small in the case under consideration, to merit consideration.

5. *Erroneous Decree.* In an. eminent domain proceeding, a court decree based on erroneous findings of the commission, set aside.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Messrs. SELIG & KINIKIN, for plaintiff in error.

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for defendant in error.

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THIS case is before us on error to a judgment approving the report of the commissioners in a proceeding to condemn a right of way across the lands of the plaintiff in error for an electric transmission line of the defendant in error.

Several objections were urged to the report of the commissioners and the court's overruling of them is here assigned as error. The evidence is not before us, and we are therefore confined to a consideration of such questions as are presented from a consideration of the report and the judgment.

The commissioners reported that the value of the land taken for an easement, of something more than 1500 feet in length, was $17.50; that it was computed "by allowing 400 square feet around each of six poles and 136 square feet in northwest corner, making a total of 2536 square feet, at $300 per acre, or approximately $17.50"; "Damages to residue of land by reason of inconvenience of farming computed as follows: one hour's time for each of ten farming operations per season, making a total of ten hours per season at $1.00 per hour, capitalized at 10% making a total of $100."

·The decree gave to the defendant in error "for its use an easement and right of way for the erection and continued maintenance, repair, alteration and replacement of its electric transmission, distribution and telephone circuits, with the necessary towers, poles, guys, stubs, crossarms and other attachments thereon, or affixed thereto, for the support of said circuits to be erected and maintained upon and across the premises of the defendant along the line described, etc."

It is evident that the decree gave to the defendant in error a right of way quite different from that upon which the commission had computed the value. A square twenty feet each way around the six poles was but a small part

of the land necessary for the right of way, and which under the decree would be used as such.

The defendant in error was by this proceeding acquiring an easement across the lands of plaintiff in error, and the width of the land subject to the easement was such as would be reasonable for the purpose for which it was taken. *U. P. Ry. Co. v. C. P. T. C. Co.,* 30 Colo. 133, 138, 69 Pac. 564, 97 Am. St. Rep. 106.

It will be noted that the decree gives the right, not merely to use the land around the poles, but a right sufficient for the maintenance of the wires. As the commissioners treated the land, plaintiff in error would get nothing for the strip of land over which the defendant in error had a right at any time to go. It cannot be doubted therefore that the valuation on the theory announced was wrong.

It appears from the record that the commissioners assessed the damages to the residue of the land on a theory which is not recognized by law. No reason appears why, in this case, there should not be applied the general rule that the damages to the residue should be "equal to the diminution in the market value of such residue for any purpose to which it may reasonably be put." *Farmers' Co. v. Cooper,* 54 Colo. 402, 406, 130 Pac. 1004.

It was objected that the commissioners did not consider the rental value of the land taken. The rental value for the short time between taking possession and the assessment would have been too small to be entitled to consideration, *de minimis lex non curat.* That the rental value of the premises may be considered in determining the value of the land taken is established, but in this case the claim is for compensation for loss of use of the land.

The commission did not follow the law, and the judgment based upon their findings is therefore reversed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.