LEWIS AND CLARK COUNTY, Respondent, v. NETT,
APPELLANT.

(No. 6,210.)

(Submitted November 29, 1927.  Decided January 6, 1928.)

[263 Pac. 418.]

*Eminent Domain—Taking of Land for Road Purposes—Measure of Damages—Cost of Maintenance of Fences not Proper Item of Damages.*

Eminent Domain—Due Process of Law.
    1. Where the owner of property sought to be condemned is accorded a reasonable opportunity to be heard on the question of damages as required by statute, the due process of law clause of the Constitution is complied with.

Same—Public Highways—Farm Lands—Measure of Damages.
    2. The measure of damages in a proceeding for the condemnation of land for a public highway, is the fair cash market value of the land sought to be condemned with the depreciation of such value of the land from which the strip is to be taken, less allowable deductions for benefits proven, the values to be determined as of the date of the commencement of the proceeding.

Same—Farm Lands Taken for Road Purposes—Damages on Account of Fences not Allowable.
    3. In the absence of statutory provision therefor, in determining the damages incident to the taking of ranch land for highway purposes, allowance may not be made for a fence as such, and proof of the necessity of fencing and its cost is proper only as a means of showing the depreciation in market value of the remaining land by reason of the taking of the highway strip.

Same—Damages Recoverable must Flow from Proximate Consequences of Taking of Land.
    4. It is not every possible element of depreciation in value of land a portion of which is taken for highway purposes for which compensation may be awarded; recoverable damages must be the natural and proximate consequence of the taking; they must be

---

    1. See 10 R. C. L. 17, 186.
    2. Measure of damages where property taken for public use, see note in 122 Am. St. Rep. 50. See, also, 10 Cal. Jur. 338, 351; 10 R. C. L. 124, 128.
    Deduction of benefits in assessments for land taken in condemnation proceedings, see notes in 13 Ann. Cas. 603; 19 Ann. Cas. 859; Ann. Cas. 1914B, 478. See, also, 10 Cal. Jur. 348; 10 R. C. L. 158.
    Right to set off benefits against damages in eminent domain proceedings, see notes in 9 L. R. A. (n. s.) 781; L. R. A. 1918A, 884. See, also, 10 Cal. Jur. 348; 10 R. C. L. 158.
    3. Expense of building and maintaining fences as element of damages, see note in 10 A. L. R. 451. See, also, 10 Cal. Jur. 346.

direct and certain, actual, reasonable and readily ascertainable, not remote, speculative or contingent.

Same—Ranch Lands—Cost of Maintenance of Fences not Proper Item of Damages.

5. *Held,* under the above rule (par. 4) that the cost of maintaining fences, the construction of which is made necessary by the taking of a strip of farm land for highway purposes, is an element too remote and incapable of definite ascertainment in arriving at the depreciation of the land in value at the time of the commencement of the condemnation proceeding and therefore may not be considered in arriving at the compensation to be allowed the owner.

[1]  Eminent Domain, 20 **C. J.**, sec. 313, p. 886, n. 33.
[2]  Eminent Domain, 20 **C. J.**, sec. 215, p. 757, n. 6, 7; sec. 253, p. 813, n. 58; sec. 264, p. 830, n. 21.
[3]  Eminent Domain, 20 **C. J.**, sec. 215, p. 757, n. 6; sec. 236, p. 788, n. 66.
[4, 5]  Eminent Domain, 20 **C. J.**, sec. 226, p. 764, n. 59; sec. 236, p. 788, n. 66.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

CONDEMNATION PROCEEDING by Lewis and Clark County against Anna E. Nett. From a judgment and final order of condemnation of right of way across her lands for highway purposes, defendant appeals. Affirmed.

*Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher,* for Appellant, submitted a brief and argued the cause orally.

The following cases sustain the contention of appellant that the cost of maintenance of the fences is as indispensable as an element of compensation or damages, as the cost of fencing itself: *Jones* v. *Phillips,* 30 Me. 455; *Holbrook* v. *McBride,* 4 Gray (Mass.), 215; *Eddings* v. *Seabrook,* 46 S. C. (12 Rich.) 504; *Commissioners of Dickinson County* v. *Hogan,* 39 Kan. 606, 18 Pac. 611; *Van Bentham* v. *Board of Commrs. of Osage County,* 49 Kan. 30, 30 Pac. 111; *Tonica & Petersburg Ry. Co.* v. *Unsicker,* 22 Ill. 221; *St. Louis, Jacksonville & Chicago Ry. Co.* v. *Mitchell,* 47 Ill. 165; *Schlattweiler* v. *St. Clair Co.,* 63 Ill. 449; *Highway Commrs.* v. *Hohmeyer,* 279 Ill. 66, 116 N. E. 616; *Department of Public Works and Buildings* v.

*Griffin,* 305 Ill. 585, 137 N. E. 523; see, also, 2 Lewis on Eminent Domain, sec. 498.

*Mr. George W. Padbury* and *Mr. A. P. Heywood,* for Respondent, submitted a brief; *Mr. Heywood* argued the cause orally.

Section 9944, Revised Codes 1921, gives the rules which govern the assessment of damages where lands are condemned under eminent domain proceedings. This section was adopted from California, being section 1248 of the California Code of Civil Procedure, in 1887. Counsel has been unable to find any Montana cases touching the point at issue, but in the case of *Los Angeles P. & G. R. R. Co.* v. *Rumpp,* 104 Cal. 20, 37 Pac. 859, the supreme court of California said, in discussing section 1248, as follows: "It would therefore seem by the express language of the above cited section of the Civil Code, as well as by subdivision 4 of section 1248, Code of Civil Procedure that, where the railway company pays the cost of good and sufficient fences with the award of damages allowed for the right of way, the duty of maintaining the fence is upon the owner and the expenses of doing so is included in the damages allowed for the right of way."

Damages must be real, tangible and proximate. (*City of Detroit* v. *Deecher,* 75 Mich. 454, 4 L. R. A. 813, 42 N. W. 986; *Flint & P. M. R. R. Co.* v. *Detroit Street Ry. Co.,* 64 Mich. 350, 31 N. W. 281.) The rule in California seems to be as set forth in the case cited above, and that is based on a statute identical with Montana, and where the county pays the cost of a good and sufficient fence with the award for damages allowed for the right of way, the duty of maintaining the fence is upon the owner and the expense of doing so is included in the damages allowed for the right of way. Any rule to the contrary would subject the counties to large expenses for speculative damages for the maintenance of fences which may never be built.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendant, Anna E. Nett, has appealed from a judgment and final order of condemnation of a right of way across her lands for highway purposes; the order is based upon the verdict of a jury, evidently upon appeal from an award by commissioners.

The evidence adduced is not before us, but it is herein stipulated that, on the trial, the defendant established the necessity of fencing along the right of way for the protection of her inclosed lands and introduced testimony tending to show the annual cost of maintaining them, when built, and tending to show the cost of an annuity equal to the amount of such annual expense. It is further stipulated that the court, by a specific instruction, withdrew from the consideration of the jury the evidence respecting maintenance, and refused to instruct the jury to consider the cost of the annuity in arriving at the compensation to be awarded for maintenance of fences. The cost of fencing was included in the lump sum awarded by the verdict.

The sole specification made is that the court erred in withdrawing from the consideration of the jury the evidence as to cost of maintaining the fences, and this assignment raises the single question as to whether the cost of maintaining necessary fences, indefinitely, is a proper element of damages to be considered in making an award of compensation for the taking of land for highway purposes.

1. Section 14, Article III, of the Constitution declares that [1] "private property shall not be taken or damaged for public use without just compensation. * * * "

"It is, of course, well established that a taking of property by authority of the state for a public purpose on payment of just compensation, although a drastic interference with private rights of property, is, when effected in accordance with a statute which affords the owner a reasonable opportunity to be heard on the question of damages, due process of law within

the meaning of the Constitution, because eminent domain was a recognized function of government when the Constitutions were adopted." (10 R. C. L. 16.)

2. The manner of arriving at an award which will be "just compensation" for the taking of private property for a public use, and the method of affording the owner a reasonable opportunity to be heard on the question of damages are declared in section 9944, Revised Codes 1921, while section 9947, Id., provides that, upon an appeal from an award made by commissioners, the damages must be "reassessed upon the same principle"; therefore, in arriving at an amount which will be just compensation, the jury must "ascertain and assess: (1) The value of the property sought to be appropriated. . * * * (2) If the property sought to be appropriated constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance * * * and the construction of the improvements in the manner proposed by the plaintiff. (3) Separately, how much the portion not sought to be condemned * * * will be benefited. * * * (4) If * * * for a railroad, the cost of good and sufficient fences along the line of such railroad, and the cost of cattle guards where fences may cross the line of such railroad." It is then declared that, "(5) as far as practicable, compensation must be assessed for each source of damage separately." (Sec. 9944.)

Counsel for plaintiff rely solely upon the declaration found in *Los Angeles R. Co.* v. *Rumpp,* 104 Cal. 20, 37 Pac. 859, regarding maintenance of fences and upon the general rule of law that damages recoverable must be "real, tangible and proximate." The opinion relied upon does not aid us in affirming the judgment, as it is based upon subdivision 5 of their statute (Code Civ. Proc., sec. 1248), identical with our section 9944 [subdivision 4], above, and merely declares that, under · that provision, no reference to maintenance being made, if the railroad company pays the cost of the fences, "the duty of maintaining the fence is upon the owner and the expense of doing so is included in the damages allowed for the right of

way"; the latter portion of the sentence being pregnant with the suggestion that the cost of maintenance is an element to be considered in determining the damages to be allowed for the right of way. The rule as to damages will be considered later.

3. The measure of damages in a proceeding for the condem-[2] nation of land for public highway, under our statute and similar enactments, is the fair market value of the land sought to be condemned with the depreciation of such value of the land from which the strip is to be taken, less allowable deductions for benefits proven (10 R. C. L. 128, sec. 112; Lewis on Eminent Domain, 3d ed., sec. 694; *Sanitary District* v. *Boenning*, 267 Ill. 118, 107 N. E. 810; *City of Lewiston* v. *Brinton*, 41 Idaho, 317, 239 Pac. 738; *Parker Co.* v. *Jackson*, 5 Tex. Civ. App. 36, 23 S. W. 924; *State ex rel. Kendall* v. *Mohler*, 115 Or. 562, 237 Pac. 690; *Glendenning* v. *Stahley*, 173 Ind. 674, 91 N. E. 234), which values are to be determined as of the date of the commencement of the proceeding. (*Gallatin Valley etc. Co.* v. *Neible*, 57 Mont. 27, 186 Pac. 689.)

Any attempt to enumerate the various circumstances which may enter into depreciation of the market value of a tract of land would be futile. All that can be said on the subject as a guide in cases such as this is that, in arriving at a conclusion as to the damages to be awarded, the triers of facts should consider all of the circumstances which immediately and directly depreciate the present market value of the portions of the whole tract adjacent to the strip sought to be taken as a right of way.

4. One of the circumstances which directly depreciates the market value of such land is that the opening of a highway through a fenced tract of land destroys the close and necessitates additional fencing in order to re-establish it. Here the damage suffered and the amount of depreciation is readily ascertainable by testimony as to the reasonable cost of construction of such fences, and the consideration of such an item has generally been upheld. (*Butte County* v. *Boydston*, 64 Cal. 110, 29 Pac. 511; *Farmers' Reservoir, etc.,* v. *Cooper*, 54 Colo. 402, 130 Pac. 1004; *Highway Commrs.* v. *Hohmeyer*, 279

Ill. 66, 116 N. E. 616; *Board of Commrs. of Brown Co.* v. *Burk-halter,* 75 Kan. 321, 89 Pac. 655.)

5. However, in the absence of statutory justification therefor, [3] no allowance can be made for a fence as a fence, and proof of the necessity of such fencing, and its cost, is proper only as a means of showing the depreciation in market value of the land by reason of the taking and use of a part of the land. (*Board of Trade, etc.,* v. *Darst,* 192 Ill. 47, 85 Am. St. Rep. 288, 61 N. E. 398; Lewis on Eminent Domain, 3d ed., sec. 741; *Farmers' Reservoir, etc.,* v. *Cooper,* above; *Seattle & M. Ry. Co.* v. *Murphine,* 4 Wash. 448, 30 Pac. 720.) The sole consideration is: How is the taking of the right of way to affect these premises in the market? (*Henry* v. *Dubuque & Pac. R. Co.,* 2 Iowa, 288.) This question should logically be determined by testimony of qualified witnesses as to the cash market value of the premises to-day and what that value would be to-day considering the highway as constructed across them, and permitting, the witnesses, on cross-examination, to state the manner in which they arrived at their conclusion on the subject. (*Henry* v. *Dubuque & Pac. R. Co.,* above; 10 R. C. L. 218.)

Undoubtedly, on such an examination, a witness could readily testify concerning the depreciation by reason of the requirement of fencing, but could he give a satisfactory answer as to how the future maintenance of the fences would depreciate the present value of the premises? True, one familiar with conditions in the neighborhood and experienced in the care of fences could tell about how long a given type of fence would last and what would be the reasonable repairs necessary thereon throughout its life, and the cost of replacement; but what sort of fence would the owner build and how long would he maintain it? A re-adjustment of the ranch may later obviate the necessity of the fence. We have statutory provision for the creation of her districts; if such a district should be created next year and, as a consequence, the Nett lands thrown open, should allowance be made for the maintenance of the fences for a period of ten years or a hundred

years as a direct and immediate depreciation in the present market value of those lands?

A reasonably prudent man, contemplating the purchase of the Nett premises at the time of the commencement of this action, would undoubtedly estimate the necessary construction of fences along the right of way of the proposed road, and deduct the necessary cost as a depreciation in the market value of the land; but would he make a deduction from his contemplated offer for the premises based upon the problematical future cost of maintenance and replacement of the new fence at that point any more than he would for the future repairs of other fences, or, for that matter, of the barns or the house on the premises, and, if so, for how long a time would he estimate the cost of repairs and replacement?

The author of a comprehensive note on the subject of fencing as an element to be considered in cases such as this, found in 10 A. L. R. 451, states that "there is comparatively little directly on the point of maintaining fences after they are built," but expresses the opinion that, "in the cases holding that the burden of fencing is an element to be considered in estimating depreciation, probably the courts had in mind repairs as well as original cost."

In Illinois, Kansas, Pennsylvania and New Jersey, at least, it is held that maintenance is a proper element to be considered (*Department of Public Works* v. *Griffin,* 305 Ill. 585, 137 N. E. 523; *Van Bentham* v. *Osage County,* 49 Kan. 30, 30 Pac. 111; *Delaware etc. Ry.* v. *Burson,* 61 Pa. 369; *New Jersey Ry. & T. Co.* v. *Suydam,* 17 N. J. L. 25), and in Maine, Massachusetts and Oregon, in cases in which the question was not involved, it is indicated that such is the rule (*Jones* v. *Phillips,* 30 Me. 455; *Holbrook* v. *McBride,* 4 Gray (Mass.), 215; *Tillamook County* v. *Johnson,* 96 Or. 625, 10 A. L. R. 448, 190 Pac. 159). In certain of the above cases, however, the ruling is made under statutory provision for such allowance.

In the early case of *In re Rensselaer & S. R. Co.* (1834), 4 Paige, 553, the supreme court of New York applied the rule

as to division fences to railroads, thus requiring the railroad and the owner to each build and maintain one-half of the fence.

In Iowa and Indiana, awards were set aside because of the allowance for maintaining fences. (*Henry* v. *Dubuque & Pac. R. Co.,* above; *Kennedy* v. *Dubuque Ry. Co.,* 2 Iowa, 521; *Evansville Ry. Co.* v. *Fitzpatrick,* 10 Ind. 120.)

However, it is not every possible element of depreciation in **[4, 5]** value for which compensation must be awarded in an eminent domain proceeding. (*Farwell* v. *Boston,* 180 Mass. 433, 62 N. E. 751; *Otis Elevator Co.* v. *Chicago,* 263 Ill. 419, 52 L. R. A. (n. s.) 192, 105 N. E. 338; *Hoag* v. *Switzer,* 61 Ill. 294; *Potts* v. *Pennsylvania Ry. Co.,* 119 Pa. 278, 4 Am. St. Rep. 646, 13 Atl. 291; *Fenlon* v. *Western L. & P. Co.,* 74 Colo. 521, 223 Pac. 48.)

Recoverable damages here, as in all cases of damages, must be the natural and proximate consequence of the action taken (*Griffin* v. *Colver,* 16 N. Y. 489, 69 Am. Dec. 718); they must be direct and certain (15 Cyc. 715), actual and reasonable (*Worcester* v. *Great Falls Mfg. Co.,* 41 Me. 159, 66 Am. Dec. 217); they must be readily ascertainable (sec. 8668, Rev. Codes 1921), and not remote, speculative or contingent (*City of Detroit* v. *Beecher,* 75 Mich. 467, 4 L. R. A. 813, 42 N. W. 986; *Schlicht* v. *Clark,* 114 Miss. 354, 75 South. 130). In *Detroit* v. *Beecher,* defendant claimed, on opening a street through his property, damages for the cost of construction of sidewalks along the street and for the expense of keeping the sidewalks free from snow indefinitely, as well as for future grading and paving of the street. The construction of sidewalks was considered as an element in depreciation of value, but, as to the remaining claims noted, the court said: "This expense to be allowed as damages must be real, tangible, and proximate. It cannot be allowed on mere conjecture, fancy, speculation, or imagination, nor can it be remote or contingent on something that may or may not happen, and it must be capable of ascertainment." In *Schlicht* v. *Clark,* above, the land owner claimed damages for fencing a canal

forced across his land, in order to keep stock from getting into the canal. The court there held the element of damage too remote to be considered.

Like maintenance of fences, clearing snow from necessary sidewalks would be a known future burden upon the lands, but in each instance, in our opinion, the claim should be disregarded as too remote, and as incapable of definite ascertainment or determination at the time the depreciation in value must be determined; i. e., as of the time of the commencement of the proceeding.

If an owner is allowed all other elements of damage entering into the depreciation of the market value of his lands and a fair amount for the erection of new fences along the right of way, he receives just compensation for the taking of and damage to his lands and the constitutional and statutory provisions are satisfied.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.

Rehearing denied January 23, 1928.