THE STATE OF MONTANA, STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, AND HARRY L. BURNS, L. V. SWANSON, OTIS S. WATERS, S. N. HALVORSON, AND ROY L. SORRELLS, AS MEMBERS OF AND CONSTITUTING THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, PLAINTIFFS AND APPELLANTS, v. ANNA E. HELTBORG, A WIDOW; WILLIAM P. HELTBORG AND LOUISE JEAN HELTBORG, HUSBAND AND WIFE; MARY E. CHRISTOFFERSON, A WIDOW; RUPERT D. CHRISTOFFERSON AND FLOSSIE CHRISTOFFERSON, HUSBAND AND WIFE; JULIAN B. CHRISTOFFERSON AND KATARINA CHRISTOFFERSON, HUSBAND AND WIFE; MILDRED BLANCHE CHRISTOFFERSON WICKHAM DARBY TAPPET, A MARRIED WOMAN; MARIAN RUTH CHRISTOFFERSON JOHNSON, A MARRIED WOMAN; EDWARD CHRISTOFFERSON, A SINGLE MAN; ALMA CHRISTOFFERSON, A SINGLE MAN; WILLIAM MOSIER; MABLE HOSKYN, A WIDOW; GLADYS W. K. SMITH HOLLYWOOD, A MARRIED WOMAN; CLIFF BENSON; FEDERAL LAND BANK OF SPOKANE, A CORPORATION, AND THE UNITED STATES NATIONAL BANK OF DEER LODGE, MONTANA, DEFENDANTS AND RESPONDENTS.

No. 10323.

Submitted February 16, 1962. Decided March 8, 1962.

369 P.2d 521.

Clayton R. Herron, Helena, Wm. R. Taylor, argued orally, Deer Lodge, for appellants.

Keeley, McElwain & Ryan, Joseph A. McElwain, argued orally, Deer Lodge, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered pursuant to five verdicts returned by a jury in an action by the State Highway Commission acquiring right of way through four adjoining ranch properties. The defendants were the four owners and one lessee of the ranches.

Commissioner awards were made on each parcel, but the State, being dissatisfied, sought a jury trial on the amount of the awards. The amounts of the Commissioner awards are substantially the same as the amounts of the jury awards.

One parcel of right of way through the Hoskyn ranch was twenty-five acres of hay land with an award of $27,000. The

Hoskyn ranch was 662 acres of which 320 acres is irrigated meadow.

One parcel through the Ed Christofferson ranch was 13.34 acres of hay land with an award of $15,000. This ranch was 2,236 acres of which 160 acres is irrigated meadow.

One parcel through the Mary Christofferson ranch was 25.16 acres of hay land with an award of $25,000. This ranch was 1,400 acres of which 425 acres is irrigated meadow.

One parcel through the Heltborg ranch was 13.70 acres with an award of $16,000. This ranch was 1,130 acres of which 200 acres is irrigated meadow.

Benson, a lessee of the Hoskyn lands, was granted an award of $1,709.35.

The Commission filed its complaint against all the defendants and trial was had as one trial. Five separate verdicts were returned with one judgment entered after denying a motion for a new trial. More details of fact will be set forth in the discussion following.

The State Highway Commission appealed from the judgment. The claimed errors relied upon by the appellant are as follows:

1. The court erred in permitting the witness Saunderson to testify to severance damage, or damage to the balance of the unit as to each of the properties; that this claimed error resulted in the jury considering values based on severance damages when in fact there were no severance damages.

2. The court erred in submitting verdicts to the jury by which damages were fixed in one sum and without separately stating the amount of damage for the taking and the damage to the remainder.

3. The court erred in submitting a verdict permitting the jury to award damages to the lessee Benson.

4. The court erred in awarding expert witness fees as part of the cost bill.

On what we have shown as claimed error number one, the appellant urges that it was prejudicial error to permit witnesses

to testify as to "severance damage", to instruct on severance damages and to permit the jury to award damages on that basis. The motion of appellants' counsel expresses the thought in this regard as follows:

"Mr. Taylor: The State of Montana, now at the conclusion of the defendants' testimony, with the possible exception of the witness Hibbard moves the court that the question of severance damage be taken from the jury, on the ground and for the reason that the testimony of all of the witnesses who have testified establishes that none of the parcels of property involved in this action are balanced units, and there is not severance damage to the property and that the values involved are to be considered by the jury as only the actual market value of the lands being taken for highway purposes."

The ranches involved are all what are termed small family size units suitable for stock raising. Acreages involved have been previously set out. Throughout the testimony it appeared that the operating costs of the units would not be materially lessened by having fewer acres. It was also shown that there were not lands available as replacement.

R.C.M.1947, § 93-9913, reads in part:

"*The date with respect to which compensation shall be assessed, and the measure thereof.* For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and its actual value at that date shall be the measure of compensation of all property to be actually taken, and the basis of damages to property not actually taken, but injuriously affected."

R.C.M.1947, § 93-9912, subds. 2 and 5, provides:

"2. If the property sought to be appropriated constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvements in the manner proposed by the plaintiff. * * *

"5. As far as practicable, compensation must be assessed for each source of damage separately."

This court has discussed damages for partial taking and decrease in value to the remainder under the above statutes in State v. Hoblitt, 87 Mont. 403, 408, 288 P. 181, 183, as follows:

"Ordinarily damages may be awarded only for injury done to the particular lot or tract of land from which the right of way strip is taken, and the above rule is applied in ascertaining the award to be made by a determination of the value of the acreage taken, and the depreciation in value of the remainder of the particular tract, regardless of what other lands the owner may possess (sec. 9944, Rev. Codes 1921, [now R.C.M. 1947, § 93-9912]; Lewis and Clark County v. Nett, 81 Mont. 261, 263 P. 418), but, even where two tracts are separated by a highway or watercourse, or, as here, by a railway, if they are used jointly by the owner in a single enterprise and the whole plant is depreciated in value by the proposed improvement, the direct damages suffered may be compensated." (See also State et al. v. Bradshaw Land & Livestock Co., 99 Mont. 95, 43 P.2d 674; Montana R. R. Co. v. Freeser, 29 Mont. 210, 74 P. 407.)

And, in Lewis and Clark County v. Nett, cited in the Hoblitt case, supra, it was said at page 267 of 81 Mont., p. 420 of 263 P.:

"* * * The sole consideration is: How is the taking of the right of way to affect these premises in the market? Henry v. Dubuque & Pac. R. Co., 2 Iowa 288. This question should logically be determined by testimony of qualified witnesses as to the cash market value of the premises today and what that value would be today considering the highway as constructed across them, and permitting the witnesses, on cross-examination, to state the manner in which they arrived at their conclusion on the subject."

And, in the Nett case, 81 Mont. at page 266, 263 P. at page 420, it is said:

"Any attempt to enumerate the various circumstances which may enter into depreciation of the market value of a tract of land would be futile. All that can be said on the subject as a guide in cases such as this is that, in arriving at a conclusion as to the damages to be awarded, the triers of facts should consider all of the circumstances which immediately and directly depreciate the present market value of the portions of the whole tract adjacent to the strip sought to be taken as a right of way."

The testimony of the various witnesses for both the landowners and the State, who explained their method of valuation, used the same general approach in determining the loss in market value. The approach was labeled the "capitalization of income" approach. That income could be used as a basis for arriving at market value was discussed in State v. Peterson, 134 Mont. 52, 63, 328 P.2d 617.

The various witnesses testified in amounts as follows:

The verdict fixed the damage to the Hoskyn property at $27,000. The following witnesses testified on behalf of the defendants and fixed the damage in the amounts stated: Mont H. Saunderson $29,000; Mel Beck $28,020; Don Tavenner $23,600; Frank Dougherty $27,000; and Henry Hibbard $10,000. The witnesses for the State and the amounts fixed by them as damages were: Ivan Shaw $6,793, and Jack Lorenz $7,667.10.

The verdict fixed the damage to the Edward Christofferson property in the sum of $15,000. The following witnesses testified for the defendants and fixed the damage in the amounts stated: Mont H. Saunderson $16,000; Mel Beck $19,800; Don Tavenner $16,000; and Frank Dougherty $15,000. The following witnesses testified for the State and fixed the damage as follows: Ivan Shaw $4,472 and Jack Lorenz $4,201.50. Henry Hibbard testified for the State relative to the damage to this property and fixed the damage of $6,279.00.

The verdict for the damage to the Mary E. Christofferson property is in the sum of $25,000. The following witnesses testified for the defendants and fixed the damages as stated: Mont.

H. Saunderson $30,000; Mel Beck $33,000; Don Tavenner $32,-000; Frank Dougherty $28,000; Henry Hukill $25,000; and Henry Hibbard $26,200. Witnesses for the State and the amounts fixed by them as damage to the property were: Ivan Shaw $7,316.00 and Jack Lorenz $7,825.

The verdict for the Heltborg damage is in the sum of $16,-000. The following witnesses testified on behalf of the defendants and fixed the amount of damages as set forth: Mont H. Saunderson, $17,000; Mel Beck, $18,800; Don Tavenner $18,-000; Frank Dougherty $16,000; and Henry Hibbard $17,500. The following witnesses testified on behalf of the State and fixed the damages as stated: Ivan Shaw $4,846 and Jack Lorenz, $4,515.50.

It can be seen that the amounts awarded by the jury were within the amounts testified to. It can also be seen that there was a wide variation generally between witnesses for the owners and State, although interestingly one witness, Henry Hibbard was used by the State on one piece of property and by the owners on the three others.

As to the wide difference between witnesses for the owners and State, the major differences are not in the method used but in its manner of use. For example, on the Heltborg place the owners' witness Saunderson and State's witness Shaw fixed the amount at $17,000 and $4,846 respectively on 13.70 acres. They each used $20 per ton of hay as the going price, but Saunderson used 3 tons per acre of hay and aftermath feed, whereas Shaw used 2.25 tons per acre. Then Saunderson capitalized the resulting figure of $822, representing his annual loss of production from the land taken, at 5 percent to reach his figure of $27,000. On the other hand, Shaw, before capitalizing, divided the resulting figure of his computation, 30.8 tons loss, by two on the theory, as he explained, that one-half of the production is earned by the land itself and the other one-half by the labor and capital! Shaw did admit on cross-examination that his theory of land earnings against labor and

capital earnings would not apply in the instant situation because he did not know of any farmer that would put 13.7 acres of his land out on a 50-50 share crop basis when he still farmed the other land at no appreciable difference in operating cost.

Then, Shaw deducted a further item of taxes and an amount for fencing. Then he capitalized at 6 percent, arriving at his figure of $4,846.

The purpose of setting forth the example is not to approve or disapprove of any particular method, but to show that the jury, the triers of the facts, had before it the various figures from opinions of experts, based upon substantial evidence of number of acres, tons of hay per acre, aftermath of grass per acre, reasonable return on investment figures, etc., in order that they could consider all of the circumstances which immediately and directly depreciate the present market value of the portions of the whole tract adjacent to the strip sought to be taken as we referred to in the Nett case, supra.

It should also be noted that testimony as to special damages to each unit was introduced. Such matters, without being specific, as drainage, snow drifting, access to adjoining lands, icing of meadows, erosion, loss of spring water were brought in.

As we said in Interstate Power Co. v. Anaconda Copper Mining Co., 52 Mont. 509, 516, 159 P. 408, 411:

"There is no basis for the contention that the evidence is insufficient to justify the several verdicts. Upon the assumption that the evidence introduced by the appellants upon the question of damages was competent, the most that can be said of it as a whole is that it presents a substantial conflict, and that the finding of the jury in each case is well within the extremes fixed by the different witnesses." (See also State v. Peterson, 134 Mont. 52, 58, 328 P.2d 617.) Therefore we find no basis for claimed error number one.

Following along the same discussion as we have heretofore made, we consider the claimed error that the verdicts did not fix separate sums for damages for the taking and for

damages to the remainder. As previously noted the statute, section 93-9912, subd. 5, clearly states that as *far as practicable* each source must be separately stated. In this case, all of the witnesses testified as to one figure only, and gave their basis for it as previously described. Even on cross-examination State's counsel did not attempt, nor could he, segregate the two items, they being interwoven in the very nature of the methods of appraisal. It would not have been practical, even if possible, to have asked the jury to separately fix the figures because of the manner in which the testimony was produced by both sides.

Next, the State objects to the award of damages to the defendant Benson, who was a lessee of the Hoskyn tract. Benson was joined by the State as a defendant and joined in the answer of the defendants. The record is silent as to whether he was ever served with summons. At any rate, appellant complains that Benson planted his crop of oats knowing that the property was being taken for highway purposes and under the statute, section 93-9913, could not be reimbursed. Benson testified that he prepared the ground for seeding an oat crop during the Fall of 1959, and planted it about May 8, 1960. Loss of the crop, according to Benson, was in the sum of $472.50. The balance of the damage was by reason of loss of water during the period of construction. If the State had a proper objection, it did not make any and thus waived any rights it may have had.

The final error asserted is that the award of expert witness fees was improper. In the cost bill approved by the trial court appeared three expert witness fees, one for $500, one for $300 and one for $200. The trial court approved these fees after scaling them down. Appellants claim error and assert that under R.C.M.1947, § 25-414, an expert is a witness the same as any other witness. Such section provides:

"*Expert witnesses.* An expert is a witness and receives the same compensation as a witness."

R.C.M.1947, § 93-9921, makes this provision so far as costs are concerned:

"*Costs, allowance and apportionment of.* Costs may be allowed or not, and, if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court."

This statute applies to costs recognized and allowed by statute. State et al. v. Bradshaw Land & Livestock Co., 99 Mont. 95, 43 P.2d 674, but, it does not add expert witness fees other than as an ordinary witness.

This court in Tomten v. Thomas, 125 Mont. 159, 232 P.2d 723, 26 A.L.R.2d 1285, was concerned with costs in eminent domain particularly with reference to attorney's fees. We held that attorney's fees were not allowable as costs and costs are allowable only as provided by statute. The statute provides expressly that expert witness fees are the same as an ordinary witness and these are excluded from costs.

The argument of respondents is against the holding in the Tomten case which was rendered in 1951. In 18 A.L.R.2d 1225, appears an annotation covering this general subject including the argument of respondents. We feel if there is to be a change in this area, the matter is for the Legislature.

Because of our treatment of this action, it is unnecessary to rule on a motion to dismiss the appeal made by respondents.

For the foregoing reasons the judgment of the district court is affirmed as to all matters except costs. The matter of costs is remanded to the district court so that the expert witness fees may be reassessed in their proper amount as witness fees under the statute. Upon the reassessment of costs, the judgment is affirmed, respondents to have their costs on this appeal.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.