BLESSING, APPELLANT, *v.* ANGELL ET AL., RESPONDENTS.

(No. 5,065.)

(Submitted March 5, 1923. Decided March 19, 1923.)

[214 Pac. 71.]

*New Trial—Excessive Verdict—Jury—Passion and Prejudice— Voluntary Remission of Damages by Successful Party— Effect.*

New Trial—Excessive Verdict—Passion and Prejudice in Jury.
   1.   Where plaintiff sought to recover a balance of $570.80 due upon a building contract, defendant interposing a counterclaim for $429.21, and the jury returned a verdict in favor of the defendant in the exact amount asked for by plaintiff, and $141.60 more than defendant claimed was due him, the verdict could only be accounted for on the theory of passion and prejudice on the part of the jury, entitling plaintiff to a new trial as a matter of right.
Same—Voluntary Remission of Damages by Successful Party—Effect on Right of Defeated Party to New Trial.
   2.   While, under section 9397, Revised Codes of 1921, the trial court may remit a portion of a verdict on condition that unless the remission be accepted by the successful party a new trial would be granted, such practice is unwarranted where the verdict was influenced by passion and prejudice; the same rule being applicable, under like circumstances, where the successful party makes voluntary remission of all damages awarded him.

*Appeal from District Court, Meagher County; Wm. L. Ford, Judge.*

ACTION by J. J. Blessing against Earle F. Angell and others. Plaintiff appeals from the judgment. Reversed and remanded.

*Mr. C. A. Spaulding,* for Appellant, submitted a brief, and argued the cause orally.

Citing: *Lish* v. *Martin,* 55 Mont. 582, 179 Pac. 826; *Chicago T. & T. Co.* v. *O'Marr,* 25 Mont. 242, 64 Pac. 506; *De Celles* v. *Casey,* 48 Mont. 568, 139 Pac. 586; *Chenoweth* v. *Great N. Ry. Co.,* 50 Mont. 481, 148 Pac. 330; *Hall* v. *Northern Pac. Ry. Co.,* 56 Mont. 537, 186 Pac. 340; *Thomas* v. *Womack,* 13 Tex. 580; *Watt* v. *Watt* [Eng. 1905] A. C. 115, 2 Ann. Cas. 672; *Tunnel M. & L. Co.* v. *Cooper,* 50 Colo. 390, 115 Pac. 901.

[66 Mont. 482.]

MR. JUSTICE GALEN delivered the opinion of the court.

This action was brought by the plaintiff to recover $570.80, the balance alleged to be due from the defendant Earle F. Angell under a contract for the construction of a certain dwelling-house at White Sulphur Springs, and to foreclose a mechanic's lien on the house and the lots upon which it is situated for such balance. Edna Angell and August Nusser were made parties defendant, the former because the record title to the real estate stood in her name, and the latter on account of a mortgage covering the same premises executed to him by the defendants Earle F. Angell and his wife, Edna Angell, subsequent to the contract for the erection of the house in question and after it was under construction. The answer of the defendants admits the contract for the erection of the building, denies that the defendant Earle F. Angell was at the date of the contract, or ever has been, the owner of the lots upon which the house was constructed, and admits the execution of the mortgage to the defendant August Nusser. It is alleged by way of cross-complaint and counterclaim that the defendant Earle F. Angell had complied with all of the terms of the contract, but that the plaintiff had not; that by reason of plaintiff's breach of contract the defendant Earle F. Angell was compelled to expend the sum of $500 in making good certain defects in the building, and that the reasonable value of making good the remaining defects in the building will amount to the further sum of $500. The prayer is that the plaintiff take nothing, and that the defendants do have and recover from the plaintiff the sum of $429.21. Issue was joined by reply made and filed by the plaintiff. The case was tried to a jury, which returned a verdict in favor of the defendant Earle F. Angell for the sum of $570.80, upon which judgment was entered. The plaintiff made a motion for a new trial, but before it was heard by the court the defendant Earle F. Angell executed and filed a writ-ten waiver and offer to remit all damages awarded him by the jury. This appeal is prosecuted under the new Practice Act, and is from the judgment. (Sec. 9750, Rev. Codes 1921.)

At the outset we take occasion to compliment counsel for appellant on the conciseness of the bill of exceptions contained in the record on this appeal, and also upon his brief and argument. Such work on the part of counsel is of material assistance to this court, and enables us to save much valuable time. Clients are saved useless expense by the presentation of cases on appeal upon a record cut down to a minimum sufficient to cover the determinative questions in the case, and we are saved the necessity of reading numerous pages of useless testimony to get to the matters of substance. Overburdened with work, as we are, and behind as we have been in the consideration of appeals, we naturally appreciate such service.

The only questions involved are whether error was committed in accepting a remission by the defendant Earle F. Angell of the damages awarded, thereupon denying the plaintiff a new trial and ordering judgment against him for costs. The order complained of is as follows: "The plaintiff's motion to set aside the verdict herein and for a new trial, upon the minutes, having been heard on the 8th day of August, 1921, and the defendant, Earle F. Angell, on said mentioned date, having filed a remittitur waiving and remitting all damages which were awarded to him by the verdict of the jury, and the court being fully advised in the premises, it is hereby ordered that the said remission is hereby accepted, and the verdict and judgment herein modified in accordance therewith, to-wit, that defendant do have and recover his costs only in the above-entitled action; and the motion for new trial is denied." The case was tried as an action at law, and will be so treated by us on this appeal.

It will be noticed that the verdict of the jury was for [1] $570.80, precisely the amount sought to be recovered in the action by the plaintiff, and $141.60 more than the amount prayed for by the defendant Earle F. Angell in his counterclaim, or attempted to be proved at the trial. The proof offered by the defendants being that the plaintiff had not performed his contract in a workmanlike manner, and that, in

order to complete the building and make good defects therein, the defendant Earle F. Angell "had paid or would be required to pay the sum of $429.20 over and above the $570.80 due to plaintiff under said contract and for extras," the verdict of the jury can only be accounted for on the theory of passion and prejudice, and, under such circumstances, the party aggrieved is entitled to a new trial as a matter of right (sec. 9397, Rev. Codes 1921); for, in an action at law, the parties have a constitutional right of trial by jury (sec. 23, Art. III, Constitution).

While it is settled law in this state that the trial court may [2] remit a portion of a verdict with condition that, unless it is accepted, a new trial will be granted, yet such practice is wholly unwarranted where, as in this case, the verdict may only be accounted for by reason of the passion and prejudice of the jury. Based on reason, the same rule should be, and is, applicable where the successful party makes voluntary remission of the full amount of the verdict. The case should be fairly tried upon the evidence and the law, and the injury to the plaintiff, by reason of this excessive verdict in favor of the defendant Earle F. Angell, is not rendered harmless because of the voluntary remission by the latter of the whole amount of the verdict. The court has ordered that plaintiff shall pay the costs, and under the present status of the case, there is no basis for entering judgment against him at all. There is no valid verdict of the jury upon which the judgment may be predicated. The plaintiff is entitled to recover in this action for a definite sum, or the defendant Earle F. Angell is warranted in having judgment for some amount within the limits of his counterclaim, or the demands of one may be held to offset those of the other; but the court may not set aside the entire amount of the verdict, even though the successful party consents, and then proceed to enter judgment against the other, unless he agrees thereto. The problem before the jury may be solved by allowing offsets or counter demands, but these matters should be by it determined on competent evi-

dence. The verdict of the jury, being the result of bias and prejudice, amounts to no verdict at all; and, in view of the court's order, there is now nothing upon which the court may predicate a judgment in favor of the defendant Angell, awarding to him costs against the plaintiff.

It is the well-settled rule that a *remittitur* will not cure a verdict tainted by passion and prejudice. (Many cases cited in exhaustive note to *Tunnel Min. & L. Co.* v. *Cooper*, 39 L. R. A. (n. s.) 1070; same case reported in 50 Colo. 390, Ann. Cas. 1912C, 504, 115 Pac. 901.) The statute grants the absolute right of a new trial in such a case as this. As said by the supreme court of Colorado in the case last cited: "If it can be fairly held that the jury returned an excessive verdict, influenced by passion or prejudice, or from any wrongful motive, a new trial must be granted."

In the case of *De Celles* v. *Casey*, 48 Mont. 568, 139 Pac. 586, this court, speaking through Mr. Chief Justice Brantly, said: "That the verdict was excessive because given under the influence of passion and prejudice of the jury, however, is clear. The amount to be awarded in this class of cases is lodged in the discretion of the jury; but this discretion is not unlimited or to be exercised arbitrarily. It will not do to say that the jury are free to make the measure of punishment whatever they choose, without any just or reasonable relation to the wrong done. No definite rule can be declared as to when the court should interfere and when it should not; yet since a new trial may be ordered when it appears that the jury have acted under the influence of passion and prejudice (Rev. Codes, sec. 6794), it follows that when the award is so large that it cannot be accounted for on any other theory and is wholly out of proportion to the wrong done and the cause of it, the conclusion is irresistible that it was measured by the passion and prejudice of the jury, rather than by an estimate made in the exercise of their discretion, and it becomes the duty of the court to set it aside. So far as a general rule on the subject can be stated, this seems to be the one recognized

[66 Mont. 482.]

by the courts.'' (Cases cited.) And whenever it is apparent that either passion or prejudice has entered into the jury's verdict, it is the court's plain duty to grant a new trial and prevent consequent injustice. (*Chenoweth* v. *Great Northern Ry. Co.*, 50 Mont. 481, 148 Pac. 330; *Hall* v. *Northern Pac. Ry. Co.*, 56 Mont. 537, 186 Pac. 340; *Wegge* v. *Great Northern Ry. Co.*, 61 Mont. 377, 203 Pac. 360; *Gillespie* v. *Great Northern Ry. Co.*, 63 Mont. 598, 208 Pac. 1059; *Everett* v. *Hines*, 64 Mont. 244, 208 Pac. 1063.)

Mr. Justice Farr clearly stated the settled rule in this state in the case of *Gillespie* v. *Great Northern Ry. Co., supra,* as follows: ''If the excessiveness of the verdict could be accounted for on any ground other than passion or prejudice, a new trial would not be granted, but the verdict would be reduced. Only when it is clear that the excessiveness of the verdict is a result of miscalculation, as is sometimes the case, should a court reduce it. (*Hall* v. *Northern Pac. Ry. Co.*, 56 Mont. 537, 186 Pac. 340.) The matter of ascertainment of damages  *  *  * is essentially a question for the jury, and this court should not be called upon to take the place of a jury in fixing the amount of  *  *  * recovery in any given case.'' (See, also, *Everett* v. *Hines, supra.*)

In our opinion the plaintiff under the facts herein presented is entitled to a new trial as a matter of right.

The judgment is reversed, and the cause remanded to the district court of Meagher county for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.