The STATE OF MONTANA, ACTING BY AND THROUGH THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, PLAINTIFF AND APPELLANT, *v.* CITY SERVICE COMPANY, CONRAD NATIONAL BANK AND JACK F. BARRETT, OF KALISPELL, MONTANA, DEFENDANTS AND RESPONDENTS.

No. 10388

Submitted March 15, 1963. Decided September 6, 1963.
Rehearing denied October 10, 1963.
385 P.2d 604

Daniel J. Sullivan (argued), Robert Arthur Tucker (argued), Helena, for apellant.

Murphy, Robinson & Keller, Kalispell, Robert S. Keller (argued), Kalispell, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a jury award for the defendants in a condemnation action brought by the State, the plaintiff and appellant here.

Defendant City Service Company owned a tract of land abutting the intersection of U. S. Highway No. 2 and Evergreen Road, north of Kalispell. This property, containing a service station, was acquired by the company in 1951, leased to defendant Barrett in 1954 and remodeled by the Company in 1955.

The lease provided that Barrett would pay one cent for every gallon of gasoline sold in addition to $25 per month rent. The

primary term was one year from December 13, 1954, and "thereafter from year to year" subject to termination by either party on proper notice. This lease was in effect on January 23, 1961, when the summons in this action was issued.

The State proposed to take about forty-four percent of 10,-048.34 square feet of leased property and this "take" was to include substantially all of the service station building. It is clear that the station could not be continued on the remainder.

The jury awarded City Service Company the following damages:

| | |
|---|---|
| For value of land taken | $10,213.63 |
| For value of building and fixtures | $27,818.38 |
| For damage to remainder | $12,796.98 |
| For cost of removing signs | $ 1,050.00 |
| | |
| TOTAL | $51,878.99 |

The defendant Barrett received the following award:

| | |
|---|---|
| For injuries to personal property | $ 2,861.69 |
| For injuries to leasehold interest | $ 3,500.00 |
| | |
| TOTAL | $ 6,361.69 |

The jury also found that defendant Conrad National Bank had a valid and outstanding mortgage on the interest of City Service Company.

Other facts will be discussed as they relate to specifications of error cited by the State.

The State contends that the trial court erred in entering judgment for the defendants wherein the court "added the leasehold value of the defendant, Jack Barrett to the amount awarded to the defendant City Service Company, instead of subtracting said award from the total value of the property condemned." Further, it is contended that the following proposed instruction should have been given:

"You are instructed that when there are different interests or estates in the property, as in this case, the proper course

is to ascertain the entire compensation as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights. The value of the property cannot be enhanced by any distribution of the title or estate among different persons or by any contract arrangements among the owners of different interests. Whatever advantage is secured to one interest must be taken from another, and the sum of all parts cannot exceed the whole." (Proposed Instruction No. 2)

The trial court refused to give this instruction, but did, however, give a portion thereof, to wit:

"The value of the property taken in this case cannot be increased by any distribution of the title or estate among different persons or by any contract arrangement among the owners of the different interests." This instruction was approved by both parties.

The State complains that the jury did not return a verdict which contained a single award as though the property belonged to one owner. The single award, argues the State, should then have been divided between City Service Co., and Barrett. This issue is, in our opinion, more a matter of form than of substance. We note that sections 93-9912, subd. (5) and 93-9915, R.C.M., 1947, provide that a plaintiff is entitled to have the award determined as if there were but one owner and then subsequently apportioned to the proper parties. Clearly, the Legislature intended that the value of the property should not be increased solely because of any distribution of title. The trial judge so instructed the jury. The question is whether or not such an increase was reflected in the verdict. We think it was not. Qualified appraisers on behalf of the defendants estimated the value of the property taken to be $25,587, $28,698, and $30,000, respectively. The building was valued from $23,500, to $29,200. The market value of the lease was estimated by Barrett to be $14,885.08. The remainder was valued at $1,397.05. Finally, the entire prop-

erty including improvements was estimated to be worth $65,-000 and $75,000. We think it is clear that the awards given by the jury (even though listed separately, and, thus, error according to the State) were not excessive, are supported by substantial evidence, and do not reflect an increase in valuation due solely to a distribution in title. To send this case back for a new trial simply because the jury did not first express the damage in one sum would be the height of shortsightedness and an utter waste of time.

As another specification of error, the State contends the following proposed instruction should have been given:

"You are instructed that one of the tests of the measure of compensation for a leasehold interest taken in condemnation actions is the difference between the fair rental or market value of the leased premises for the unexpired term of the lease, and the rent previously paid by the lessee. If you should find that such test is applicable here, then and in that event if you also find that the rental value of the premises exceeds the rent paid by this lessee, you should find that the lessee has suffered damage by the taking of his leasehold interest only to the extent by which the rental value exceeds the rent paid." (Proposed Instruction No. 10)

The court, instead, gave its own Instruction No. 17 which in effect stated that the jury was to value the leasehold interest in accordance with its market value. No mention was made of deducting future rent. Clearly, the proposed instruction and Instruction No. 17 are inconsistent. An annotation, in 3 A.L.R.2d at 290, observes two different rules for evaluating a lessee's damages. One rule makes the measure of damage the fair market value of the leasehold interest, while the second rule states that the measure of damage is the market value of the lease "over and above the rent stipulated to be paid."

The State did not object to the courts giving Instruction No. 17, but specify as error the refusal to give an incon-

sistent instruction. Having approved No. 17, we are of the opinion that the State was not entitled to such an inconsistent instruction. This approach has been steadfastly adhered to by this court. See In Re Bright's Estate, 89 Mont. 394, 300 P. 229.

The State contends that the following proposed instruction should have been given:

"You are instructed that the defendants are allowed as damages the cost of removal of all necessary personal property from the condemned real property and of the damage to such personal property incurred by such removal.

"You are instructed, however, that no damage may be awarded as payment for personal property not taken; and no damage may be awarded for loss of value to personal property, if any, merely because of the removal of the personal property from the premises." (Proposed Instruction No. 4(a))

The State also contends that the court erred in giving the following instruction:

"You are instructed that the lessee in this case is entitled to damages for the cost of removal of all necessary personal property from the condemned real property and for the damage to such personal property, incurred by such removal, if any.

"You are instructed, however, that the plaintiff cannot purchase such personal property. However, the defendant lessee is entitled to compensation for loss of value, if any, to such personal property incurred by such removal." (Instruction No. 20)

The dispute centers around whether the State is required to pay damages only when the personal property, inventory and other equipment, here, is physically harmed, and is not required to pay for a diminution in the value of such property.

■■■■ We note section 93-9913, R.C.M. 1947, as amended by section 1, Ch. 133, Laws of 1957, as it existed at the time of this trial, provides that the State pay "the cost of removal of all necessary personal property from the condemned real

property and of the damage to such personal property, if any, incurred by such removal." We observe no further limitation to this seemingly clear mandate of the Legislature. We conclude, therefore, that it was the intention of the Legislature to require the State to pay for the removal of any personal property from the condemned land and also to pay for *any* damage to such property. It requires no stretch of the imagination to classify a depreciation in value of inventory and other service station equipment as "damage * * * incurred by such removal."

Hence, we conclude that it was proper to refuse State's proposed Instruction No. 4 (a) and to give, instead, Instruction No. 20.

■ At the trial of this controversy it appeared that a necessary witness for the defendants, one Richard Taylor, was unable to be present. It was stipulated by counsel that a transcript of Taylor's testimony at the Commissioners' hearing could be read into the record in lieu of his appearance. As a specification of error, the State contends that the trial court erred in assessing as a cost payable by the State the cost of Taylor's transcript. The order entered by the court following the hearing on the motion to tax costs states that the costs and disbursements as therein fixed were "pursuant to stipulation of counsel for both parties." This being the record, no further discussion is necessary.

The State's final specification is that the verdict is not supported by the evidence. We have disposed of this contention under the first specification of error, above.

Accordingly, the judgment of the lower court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, JOHN C. HARRISON and ADAIR, concur.