The STATE OF MONTANA, Acting By and Through the STATE HIGHWAY COMMISSION of the STATE OF MONTANA, Plaintiff and Respondent, v. CHARLES P. EMERY and ETHEL W. EMERY, his wife, and CHARLES L. EMERY, Defendants and Appellants.

No. 11900.
Submitted February 8, 1971.
Decided March 5, 1971.
481 P.2d 686

MR. JUSTICE HASWELL did not participate deeming himself disqualified.

508

Fennessy, Crocker & Arness, Franklin Arness argued, Libby, for defendants-appellants.

Daniel J. Sullivan argued and James Beck appeared, Highway Legal Dept., Helena, for plaintiff-respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from an order by the District Court of the Eleventh Judicial District, Lincoln County, granting a new trial to the plaintiff State Highway Commission. The jury awarded the defendant landowners $23,400 in a condemnation action and the trial Court found the verdict excessive and contrary to the evidence.

The condemnation action involved the taking of 5.07 acres of land jointly owned by an elderly couple and their son, all defendants. The Emery family owns some 80 acres of land located in what is described as "a beautiful area" along Pine Creek, a mountain stream in Lincoln County. There are a number of buildings on the site, including a home and outbuildings. These buildings have been built by the Emery family during the 20 years they have resided on the land. They derive no income from the property at the present time but until about a year before the trial Mr. Emery, Sr. operated a general hardware store on the site.

We note here, particularly in view of the trial court's granting of a new trial, that the activities involved in this case took place over a period of eight years. Surveyors arrived in 1962; the complaint was filed in August 1964; the commission's hearings were in mid-1965; but no trial of the matter was had until April 1970. During the lengthy period before the trial, there were many instances of inconveniences to the Emerys, which may have been considered by the trial judge as having influenced the jury in its consideration of the case.

The paramount inconvenience was that in the taking the state ran its new highway over a spring, the only source of domestic water for the Emerys, which necessitated the hauling

of domestic water by Mr. Emery, Sr. for a period of over one year. Although the state attempted to make satisfactory arrangements for domestic water for the Emerys, it was not until some time in 1969 that the present system was installed to give them an adequate water supply. The present water supply has its source on U. S. Forest Service land from a spring developed by the state. The water is piped through plastic pipe some distance to the Emery property. The permit given to the Emerys by the Forest Service is a revokable, nontransferable special use permit and during the course of the trial the Emerys strenuously objected to the type of permit they had been given. Consequential damage as a result of the loss of the water system was admitted by the state and will be referred to later.

Two expert witnesses testified as to the value of the land taken and depreciation to the remainder. Doiel Smyser testified for the landowners and C. Don Kirby for the state. The amount of land taken was 5.07 acres; there were no improvements on the 5.07 acres. Mr. Smyser estimated the overall land value was $100 per acre or a total of $507. Mr. Kirby's estimate was $75 per acre or a total of $380.25, plus $146.25 for depreciation of the remainder. In addition, $2,200 consequential damages were admitted due to substitution of the water system for a total of $2,726.50. The jury found the value of the property taken to be in the sum of $6,127 or $1,200 per acre plus. Even the defendant landowners' testimony on the land value failed to come up to the jury's $1,200 per acre figure. This finding was the basis of the state's motion for a new trial.

Appellants allege the only issue before this Court is the sufficiency of the evidence supporting the verdict. The state contends the issue is whether the action of the trial court in granting the motion for a new trial was a manifest abuse of its discretion.

The order granting the new trial does not recite the grounds on which the order is based. The motion was made on all statutory grounds but from the brief of appellants it is appar-

ent there were three grounds specifically urged for the new trial. First, we will discuss the evidentiary issue; then the combined issues of damages and the form of the verdict inasmuch as they are interrelated.

The only valuation evidence was given by expert testimony of one witness for the state and one for the landowners. Both testified extensively and both were thoroughly cross-examined. Although they used different appraisal approaches, their opinions on the before taking value were within a reasonable range on the land but differed greatly on the consequential damages due to the substitution of the water system.

Mr. Kirby, the state's appraiser, computed the compensation to be awarded for the land taken at $380.25; for depreciation to the 1.95 acres isolated from the remainder $146.25; and $2,200 consequential damages due to the substitution of the water system, a total of $2,726.50.

Mr. Smyser, the landowners' appraiser, arrived at the figures: $507 for land taken; $200 for the depreciation of the isolated land; and $22,680 depreciation in the value of the buildings due to the change of the water system and its uncertainty, for a total value of $23,400.

The jury award was exactly the amount asked for by appellants, broken down as follows: $6,127 for the value of the land taken; $17,273 for the depreciation to the remainder.

We are faced here, as we were in State Highway Comm'n v. Barnes, 151 Mont. 300, 309, 443 P.2d 16, with an award for land taken far in excess of value testified to by experts. In *Barnes* there was also destruction of the landowner's water supply and in that case, as here, the owner argued that the total sum awarded was all that was relevant. The only difference in the two cases is that in *Barnes* the trial court refused to grant a new trial, while in the instant case the trial court obviously followed our ruling in *Barnes* and granted the new trial. We find that the trial judge properly granted the new trial and in following the dictates of *Barnes* did not abuse his discretion.

In *Barnes* this Court held:

"It is a fundamental and well established rule of law that the burden of proof as to the amount of damages in condemnation proceedings is upon the property owner. Here, by expert testimony, the highest figure for the land and improvements taken was $9,856 and the trial court erred in denying a motion for a new trial when the jury failed to find in this or a lessor amount."

Concerning the amount of damages and the form of the verdict and whether the damage issue can be cured by a remission of the overage, we must hold against appellants' contentions.

The jury verdict is provided for in section 93-9912, R.C.M. 1947. This Court in several recent decisions has, at least by inference, approved of the split verdict. See State Highway Comm'n v. Manry, 143 Mont. 382, 386, 390 P.2d 97; State Highway Comm'n v. City Service Co., 142 Mont. 559, 562, 385 P.2d 604; State Highway Comm'n v. Heltborg, 140 Mont. 196, 204, 369 P.2d 521.

Section 93-9912, R.C.M.1947, provides what shall be considered in eminent domain cases by the commissioners or jury. For purposes of clarity we note from that section:

"* * * to ascertain and determine * * * the following:

"1. The value of the property sought to be appropriated and all improvements thereon pertaining to the realty, and of each and every separate estate and interest therein; if it consist of different parcels, the value of each parcel and each estate or interest therein must be separately assessed.

"2. If the property sought to be appropriated constitutes only a part of a larger parcel, the depreciation in value which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvements in the manner proposed by the plaintiff. * * *"

The respondent argues that our decision in Lewis & Clark

512

County v. Nett, 81 Mont. 261, 266, 263 P. 418, 419, supports its position. We agree. In the *Nett* case, we held:

"The measure of damages in a proceeding for the condemnation of land for public highway * * * is the fair market value of the land sought to be condemned with the depreciation of such value of the land from which the strip is to be taken * * *"

Appellants make much of the verdict form as favoring the respondent. Apparently appellants ignore or were unaware that the statutory provisions of Montana specifically require (1) the taking to be assessed and (2) loss to the remaining land from the taking be assessed. Here the trial court gave the jury the verdict form that was in full conformity with the code. We find no error.

In their brief and oral argument appellants practically admit that the evidence did not support the values given by the jury for the land, however, appellants say, the error was caused by the form of the verdict. Appellants argue the judgment should be affirmed or at least modified by a reduction of $5,618 in the amount awarded for the value of the land actually taken by the respondent.

We do not agree that remittitur is possible, as suggested. In this case, as in the case of Blessing v. Angell, 66 Mont. 482, 214 P. 71, the jury verdict was exactly the amount sought to be recovered and exceeded the proof given at the trial. In *Blessing* this Court held that the verdict could only be accounted for on the theory of passion or prejudice and that under the circumstances the aggrieved party was entitled to a new trial.

The order of the trial court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DALY and CASTLES, concur.

MR. JUSTICE HASWELL did not participate, deeming himself disqualified.