**STATE of Alaska, Appellant,**

v.

**Lester NESS and Nora Ness, Appellees.**

**No. 1914.**

Supreme Court of Alaska.

Dec. 17, 1973.

John E. Havelock, Atty. Gen., Juneau, Malcolm L. McCain, Asst. Atty. Gen., Anchorage, for appellant.

Allen L. Jewell, of Hahn & Jewell, Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

RABINOWITZ, Chief Justice.

This appeal arises from eminent domain proceedings instituted by the State of Alaska. Using a complaint and declaration of taking, the state condemned certain real property owned by appellees.[1] Located on this Kenai property was a building, owned by appellees, containing a basement apartment and restaurant known as the Pancake House on the ground floor. After the date of taking, appellees acquired and took over

1. Both the declaration of taking and the complaint asserted that the property was being taken by the Alaska Department of Highways for a right-of-way in conjunction with a Federal Aid Highway Project. The property in question was described in both documents as follows:

All of Government Lots 22 and 23, Section 6, T. 5 N., R. 11 W., S. M., Third Judicial District, State of Alaska, containing 1.080 acres, more or less, of which 0.462 acres, more or less, is contained in existing right of way.

Net area equals 0.618 acres, more or less.

the operation of a fully equipped motel-hotel-restaurant complex in Kenai.

At the inception of these eminent domain proceedings, appellees maintained that, by virtue of the complaint and declaration of taking employed by appellant, all of the personal property used in connection with the restaurant business maintained at the Pancake House was taken by the State of Alaska.[2] After hearings held before a master, the master filed a report in which, in part, he found $11,500 to be the value of the personal property located at the Pancake House.[3] Thereafter, the state appealed from the master's report.

Prior to trial in the superior court, the state contended that the taking, as it pertained to appellees' property, only encompassed real property and that no personal property was taken by virtue of the complaint or declaration of taking. The state further contended that appellees exclusive remedy for damage or loss of personalty caused by the condemnation proceedings was in the statutory provision relating to Relocation Assistance and Real Property Acquisition Practices.[4] The superior court ruled against the state, holding that the taking in the case at bar included appellees' personal property which had been located at the Pancake House.

In its instructions to the jury, the superior court, in part, informed the jurors that:

In addition to determining the just compensation for the land and buildings comprising the aforementioned three parcels, you must determine the depreciated in-place value of the personal property formerly used in the operation of the Pancake House restaurant (Parcel 9) as of July 1, 1971.

The 'depreciated in-place value' applies to the business personal property as installed or connected, if applicable, in the Pancake House on July 1, 1971

. . . .

The jury, in its verdict, awarded appellees $13,000 for the depreciated in-place value of the personal property. The state now appeals from that part of the superior court judgment awarding appellees $13,000 for the personalty in question and $2,150 attorney's fees computed on the basis of the $13,000 judgment for personal property.[5]

In this appeal, the state argues that the trial court erred, as a matter of law, in holding that the state's taking of fee simple title to specifically described private real property for public use included the taking of title to personal property of the landowner not described in either the complaint or declaration of taking. We agree with appellant's position and hold that on the facts of the record it was plain error for the trial court to have given the jury the "depreciated in-place value of personal property" instruction.[6]

2. After the instant condemnation proceedings were instituted, appellees left all personalty pertaining to the Pancake House on the premises. Thereafter, the state inspected, inventoried, appraised, and placed in commercial storage all of the personalty. Approximately one year later, upon notice to appellees, the state caused the personalty in question to be sold at public auction in Kenai. The net proceeds from the sale were then deposited by the state in the registry of the superior court.

3. Civ.R. 72(h) provides for an initial hearing by a master and a trial de novo upon appeal by a party from the master's report.

4. AS 34.60.010–150.

5. In this appeal the state does not specify as error the superior court's rejection of its

contention that AS 34.60.010–150 represented the exclusive remedy available to appellees regarding their alleged losses of personal property. Since the applicability of AS 34.60.010–150 has not been raised or briefed in this appeal, we are not called upon to construe these statutes relating to relocation assistance and real property acquisition practices. Moran v. Holman, 501 P.2d 768, 770 (Alaska 1972).

6. Civ.R. 51(a) provides, in part, that, "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The record shows that appellant did not specifically object to the "depreciated in-place instruction." On the other

 Article I, section 18 of the Alaska Constitution states that "[p]rivate property shall not be taken or damaged for public use without just compensation."[7] The general rule is to the effect that "[p]ersonal property which is used on land taken by eminent domain cannot be considered in the determination of the compensation."[8] Neither the state's complaint nor its declaration of taking purports to take for public use any property other than appellees' real property. Since no personal property was taken, we hold that the trial court committed a fundamental error, which substantially prejudiced appellant, by instructing the jury to award a judgment for the personalty located in the Pancake House based on the theory that it had been taken in the condemnation proceeding. At no point in its instructions to the jury did the trial court explain that appellees were entitled to recover compensation for only those items of personalty damaged as a result of the taking of the real property.[9]

 In such circumstances we believe that a new trial is warranted, limited to the issue of ascertaining just compensation for any damages suffered to appellees' personal property located in the Pancake House on the date of the taking of appellees' real property. Upon remand, the burden of production and persuasion is upon appellees to show what items of personalty, if any, were damaged by the state's use of its eminent domain power in the premises, and to establish the amount of just compensation that should be awarded for such damages,[10] if any.[11]

hand, appellant objected prior to the taking of any testimony to the court's ruling that the taking in question encompassed personal property located at the situs of the Pancake House.

In Merrill v. Faltin, 430 P.2d 913, 917 (Alaska 1967) (footnote omitted), we said, "But we have also held that we shall consider plain errors, even though not objected to below, which are so substantial as to result in injustice."

7. The commentary to the committee report on this section indicates that the word damaged was added "in recognition of the fact that property may be damaged or made worthless as an incident of the taking of other property for public use . . . [and] should be compensated." 6 Alaska Constitutional Convention Minutes, Appendix V, at 73 (1963).

Courts interpreting similar constitutional or statutory provisions have held that depreciation in value of inventory and other equipment, and costs of relocation are considered damage. State v. City Serv. Co., 142 Mont. 559, 385 P.2d 604, 607 (1963) ; City of Richmond v. Old Dominion Iron and Steel Corp., 212 Va. 611, 186 S.E.2d 30, 37 (1972).

8. 4 P. Nichols, The Law of Eminent Domain § 31.13, p. 13-56 (rev. 3d ed. J. Sackman 1971) (footnote omitted).

9. In Stroh v. Alaska State Housing Authority 459 P.2d 480, 483 (Alaska 1968), we held that the owner was entitled to compensation for damage of personal property as the result of the taking of a hotel by eminent domain.

10. In calculating the amount of damage suffered, the depreciation in value of the property, in addition to the physical damage, should be included.

11. In State v. 45,621 Square Feet of Land, 475 P.2d 553, 555 (Alaska 1970), we held that in a condemnation proceeding "where the sole issue is determination of just compensation, procedural rules involving the concept of risk of failure to persuade are inapposite. [In such a case] . . . the focal point of the trier of fact's inquiry is the ascertainment of just compensation. Thus, regardless of whether the condemning agency or the property owner meets a given burden of persuasion, Alaska's constitutional mandate requires that the owner be awarded just compensation for the property he has lost."

Unlike that situation, here the sole issue is not simply the determination of just compensation. In the case at bar, appellees must first prove by a preponderance of evidence that items of personalty owned by them were in fact damaged by virtue of the state's taking of appellees' real property for public use. Diminution in market value is the test of damage, but damages are limited to those which accrue by reason of a legal injury. Rose v. State, 19 Cal.2d 713, 123 P.2d 505, 520 (1942). Only if appellees overcome the initial hurdle of showing proximate cause does the issue of just compensation for damage to personalty come into play. Since the damages are special in nature, we think it just to place the burden of production and persuasion on the owner of the personalty as to the amount of just compensation he is entitled to receive for damage to his personalty.

The portion of the judgment entered below awarding appellees $13,000 for personalty taken, plus interest and attorney's fees thereon, is vacated and the case remanded for a new trial on the issues as limited by this opinion.