No. 11741

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA, ACTING BY AND THROUGH
THE STATE HIGHWAY COMMISSION OF THE STATE
OF MONTANA,

                    Plaintiff and Appellant,

    -vs -

MELVIN D. PALIN et al.,

                    Defendants and Respondents.

---

Appeal from:  District Court of the Third Judicial District,
               Honorable Sid G. Stewart, Judge presiding.

Counsel of Record:

    For Appellant:

        Daniel J. Sullivan and Donald A. Douglas argued,
         Highway Legal Dept., Helena, Montana.

    For Respondents:

        Knight, Dahood and Mackay, Anaconda, Montana.
        Wade J. Dahood argued, Anaconda, Montana.
        William F. Sheehan, Philipsburg, Montana.

---

                    Submitted:  September 21, 1972

                    Decided: NOV 2 7 1972

Filed NOV 2 7 1972

Thomas J. Kearney
                  Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by the Montana State Highway Commission from a jury award of $48,600 to the defendant, Melvin Palin, in a condemnation suit. The land was used as part of the interstate highway system. Both parties agreed that the highest and best use of the land, located along the Clark Fork River in Granite County, was for grazing. The Palins placed a value of $51,470 on their lands being taken. The State's appraiser computed compensation at $9,850. The Palin's expert witness, Melvin Beck, testified concerning the value of the land and as the basis of his opinion Beck used what he called the "capitalization of income method". This testimony was objected to by the State Highway Commission as having no proper foundation.

The controlling issue in this cause is whether this is an appropriate case for the use of the "capitalization of income method" to determine the value of the land. We conclude that it was not.

The argument made by Palin's counsel was that the opinion testimony given by Beck was supported by substantial evidence and therefore proper for the jury to consider. The record on appeal does not support that argument. The testimony of Beck was based upon hypothetical assumptions and not from any actual information gathered from Palin or anyone else concerning the amount of income that could be derived from the land in question. His testimony concerning the method by which he reached his valuation was:

> "Well I first have to determine how many animals can be grazed and fed on this area."

On voir dire examination it was determined that this carrying capacity of the land was determined by "observation and study". In State v. Peterson, 134 Mont. 52, 63, 328 P.2d 617, this Court held that income or revenue from land was "admissible for the

purpose of arriving at the market value of the property". The only testimony in this record concerning income from the land is that of Palin's brother, who testified that he had cut hay on the land in 1959. He did not testify that the hay had been sold or used in the ranch operation. The end result of this is that Beck's testimony was inadmissible because his basic assumption was not based on income from the land.

This result is not to say we disapprove of the use of the capitalization of income method in determining the value of land. We have previously held that it is a proper method within certain limitations. State Highway Comm'n v. Heltborg, 140 Mont. 196, 369 P.2d 521; State Highway Comm'n v. Bare, 141 Mont. 288, 301, 377 P.2d 357. In Bare we reached the same conclusion as in this case and for the same reason the conclusion reached by the expert witness was not based on tangible factors. We said:

> " * * * Mr. Working's application of the method
> * * * is not an appropriate application. Further,
> in this case, none of the figures, being based
> on one year only, and in part pure estimates,
> have such degree of certainty as to be a credible
> factor."

We then went on to point out the testimony from the experts in Heltborg was the result of a:

> " * * * very careful foundation for production
> figures, operation figures, and effect of the
> taking on those figures, were made before any
> effort was made to apply the capitalization of
> income method."

This is the error that was committed in this case, the testimony of Beck was not supported by such a foundation. On the question of what type of situation is the capitalization of income an appropriate method to value land, the Supreme Court of Virginia, in Appalachian Power Company v. Anderson, 212 Va. 705, 187 S.E.2d 148, 154, in a case involving unimproved land held:

> "The capitalization of income method of appraisal
> is used where income producing property is
> condemned and it becomes necessary to ascertain

- 3 -

its value. * * *

"However, in the instant case we are not deal-
ing with income producing property but unimproved
acreage. * * *"

That court went on to cite United States v. Whitehurst, 337

F.2d 765 (4th Cir. 1964), where the court held:

" * * * the capitalization of income method of
determining the value of land should not be used
where the determination is based upon pure specu-
lation and is without objective evidential
support."

We therefore hold that the capitalization of income

method of land valuation should be limited to income producing

property where at all possible, recognizing that it may be neces-

sary to use the method in cases where no comparable sales evi-

dence is available.  But, in those cases, the limitation in Bare

should be strictly adhered to that:

" * * * its use must be based on a foundation
which minimizes to the extent possible conjecture
and uncertainty."

Therefore the district court was in error in overruling

the Highway Commission's motion to strike Beck's testimony and a

new trial must be granted.  Because the case must be retried

there is no need to discuss further the other claimed errors

because they should not again arise.

The judgment is reversed and a new trial ordered.

_____
                                Chief Justice

We concur:

_____

_____

_____

_____
Associate Justices

- 4 -